Danikl, Judge,
 

 after stating the case as above, proceeded as follows: In the construction of wills, the intention of the testator is to govern, if such intention do not contravene any rule of law. And to ascertain that intention, the court may look through the whole will. Taking these rules for our guide, we cannot fail to see that it was the intention of the testatrix, that the words
 
 u pay five hundred”
 
 were to pay five hundred dollars. All the money legacies in the will, which are both before and after the clause, in question, are expressed in dollars. In the said clause, the testratrix directs her
 
 executors-to pay
 
 the said sum to the plaintiffs. It is therefore a legacy. A legacy is defined to be, “some particular thing or things given or left, either by a testator in his testament, wherein an executor is appointed, to be paid or performed by his executor, or by an intestate in a codicil, or last will, wherein no executor is appointed, to be paid or performed by an administrator.” Williams on Ex’rs 694. Godolph. Pt. 3, cb. 1, sec. 1.
 

 Secondly. Is the legacy a general legacy? We think it is. The testatrix intended to convert her lands out and out, and add the purchase money to her personal estate. Now, whatever force there may be in the argument, that as the power to the executors to sell the land, is in the same clause in which she directs her executors to pay the plaintiffs the $500, this is tantamount to declaring that the executors are to pay the said sum
 
 out
 
 of the purchase money, we need not enquire:. For her declaration in the residuary clause of the will, “those legacies paid off which I have already given away,” shew a plain intention on her part, that the plaintiffs áhould have the sum, as a general legacy. We are of the opinion that the executors must account, and if the personal estate not specifically given away, be insufficient to pay all the general legacies, then they must abate in proportion.
 

 Per Curiam. Decree accordingly.