LESTER CROUSE AND MARY E. BARHAM v. DAVIS BARHAM AND OTHERS, CHILDREN OF MARY E. BARHAM, DEFENDANTS, AND LEWIS C. CHRISMAN AND OTHERS, INTERPLEADERS.

(Filed 31 October, 1917.)

**1. Wills—Interpretation—Intent—Circumstances of Testator.**

The primary object in interpreting a will is to ascertain the intent of the testator from the context thereof, and in proper instances there will be considered the condition of the testator's family and the circumstances surrounding him; and where the intent is clear, words may be supplied, transposed, or changed to effectuate this intent.

**2. Same—Adopted Children—Remaindermen—Estates.**

Where the testator, owning only one tract of land, devises land "on which I now reside" to his wife in one item, immediately followed in another item by a devise to his adopted children, "Lester Crouse and Mary E. Barham and Mary E. Barham, to have," etc., to be divided between them

"by three disinterested persons at my wife's death": *Held*, though the will was obscurely drawn, the intent of the testator, as gathered from the language of the will and circumstances surrounding the testator, was evidently to devise the remainder in fee in the lands, upon his wife's death, to his adopted children, specifically named by him in his will.

**3. Wills—Intent—Intestacy.**

In construing a will, the courts do not favor an interpretation which leads to intestacy in part.

PETITION for partition, tried before *Connor, J.,* at September Term, 1917, of ALAMANCE.

The petitioners are the two devisees under the will of Henry G. Chrisman; the defendants, Davis Barham and others, are the children of Mary E. Barham; the interpleaders, Lewis C. Chrisman and others, are the brothers and sisters, heirs at law of the testator, Henry G. Chrisman.

The matter before the court is the proper construction of the will of said Chrisman, which reads as follows:

"I, Henry G. Chrisman, of the aforesaid county and State, being of sound mind, but considering the uncertainty of my earthly existence, do make and declare this my last will and testament.

"First. My executor hereinafter named shall give my body a decent burial, suitable to the wishes of my friends and relatives, and pay all funeral expenses, together with all my just debts, out of the first moneys which may come into his hands belonging to my estate.

"Second. I give and devise to my beloved wife, Mary J. Chrisman, the tract of land on which I now reside, containing one hundred and forty acher; aulso the Tomas Place, twenty-two acher; aulso the place I got from my father, containing thirty-eight achers, and aul my intier stock, horses and cattel, grain and feed, to have her lifetime, with a decent burial with the tome Rocks, to cast one hundred and twenty-five dollars.

"Third. I give and devise to Lester Crouse and Mary E. Barham and Mary E. Barhem, to have, and her children, to be divided between Lester Crouse and Mary E. Barham.

(Turn over)

"I aulso want the land devided by three disinterested persons at my wife's deth."

It is admitted that Mary J. Chrisman is dead.

The court rendered judgment that the plaintiffs are the owners in fee as tenants in common of the land described in the will, and rendered judgment accordingly, from which the interpleaders, Lewis C. Chrisman and others, the heirs at law of the testator, appealed.

*Parker & Long for plaintiffs.*
*W. H. Carroll for interpleaders.*

BROWN, J.  It is unnecessary to consider whether the children of Mary E. Barham took any estate under the will of Henry G. Chrisman, as they did not appeal, and appear to be content with the judgment of the court in favor of their mother.

The interpleaders, the brothers and sisters of the testator, alone appealed.  They admit that the testator, "by his last will and testament, did devise and bequeath *all* his *real* and *personal* property to his wife, Mary J. Chrisman, for the term of her natural life.  And these defendants aver that, subject to the life estate given and devised to Mary J. Chrisman, their brother, Henry G. Chrisman, died intestate."

The contention is that the will, in so far as it undertakes to devise anything to plaintiffs, is void for uncertainty and lack of any designation of the property intended to be devised.

In the construction of a will the primary object is to ascertain from the context of the will, as well as the condition of the testator's family and the circumstances surrounding him, his real intention.  The will of the testator is crudely and inartificially drawn, but there are two pregnant facts that indicate plainly his purpose:

1.  The objects of his bounty were his wife and the two plaintiffs, the infants whom he had taken into his family and reared as his own children.  It was natural and proper that he should provide for them.

2.  The testator was dealing with his entire estate, and it is manifest he did not intend to die intestate as to any part of it.

It is admitted in the answer of the interpleaders that testator devised all his real and personal property to his wife for her life.  In that item of the will the land is specifically described as the land "on which I now reside."  It is not contended that he owned any other land.  Immediately following this item is the devise to plaintiffs, "to be divided between Lester Crouse and Mary E. Barham."  What was it that was to be divided?  Evidently, the property described in the preceding item and devised to the wife for her life.

The connection between the second and third items of the will is so close that it is not necessary to supply the word "property" in the third item.  It is so perfectly manifest that such was testator's meaning and purpose that the court would read it into the will if necessary to effectuate testator's plain intent, for no rule of law is better settled than that in the construction of a will the intention of the testator apparent in the will must govern, and that in order to effectuate such intention words may, when necessary, be supplied, transposed, or changed.  1 Jarman Wills, 427; *Sessoms v. Sessoms,* 22 N. C., 453; *Dew v. Barnes,* 54 N. C., 150.

In the case of *Baker v. Pender,* 50 N. C., 355, the Court transposed sentences in a will, and said: "To give it this reading requires only the

transposition of two sentences, which is allowed by a well-settled rule of construction, when necessary to express the intention."

In *Harerton v. Henderson,* 88 N. C., 601, *Chief Justice Smith* says: "The numerous cases in the argument for defendant show that we are warranted in interpreting an omitted word when demanded by the context, and indispensable to point the meaning of a clause."

Again, the testator clearly indicates what land he is devising when he says: "I also want the land divided by three disinterested persons at my wife's death." Divided among whom? Evidently, between the persons to whom he intended it should go at his wife's death.

As the testator was disposing of all he had to his wife, what was there to give to his adopted children except the reversionary interest? Unless he intended the land for them, why did he mention their names in his will? He had nothing else to give them.

He evidently did not intend to dispose of a life estate in his land and die intestate as to the reversion.

The law does not favor a condition of intestacy, and we should be slow to adopt a construction leading to such result. *Faison v. Middleton,* 171 N. C., 170.

It is not necessary to adopt it here, as it is manifest that the testator intended to dispose of his entire estate to those nearest to and dependent on him; and while his language is crude and his spelling bad, we think he accomplished his purpose.

In this appeal we do not undertake to pass on the testator's title to the land he has devised.

The costs of this Court will be taxed against the interpleaders.

No error.