GEORGE WASHINGTON LEE v. VERLIN LEE.

(Filed 18 October, 1939.)

**Wills § 46—**

 A devise of certain lands to a person "for his natural life in fee simple"
 followed by a residuary clause in favor of such person, gives the devisee
 the fee simple title to the lands, there being no other item of the will
 affecting the lands, since if the first devise carries only a life estate the
 residuary clause perfects title in the devisee.

Appeal by defendant from *Bone, J.,* at August Term, 1939, of
JOHNSTON. Affirmed.

This was a controversy without action to determine the title to land.
Plaintiff has contracted to convey the land to the defendant in fee
simple, subject to the dower right of his mother. Defendant declined
to accept tendered deed and pay the purchase price on the ground that
plaintiff has only a life estate in the land. From judgment for plaintiff,
defendant appealed.

*Parker & Lee for plaintiff, appellee.*
*Ezra Parker for defendant, appellant.*

DEVIN, J. The plaintiff's title to the land contracted to be conveyed
was derived from the joint will of Merilda and Ersula Lee. The perti-
nent provisions of the will are as follows:

"Item 2: We give and devise to our cousin, T. W. Lee, the tract of
land on which we now reside, containing one hundred seventeen and
one-half (117½) acres for his natural life in fee simple.

"Item 9: Our will and desire is that all of the residue of our estate, if any, after taking out the devise, and legacies above mentioned, and marking our graves with tume stones shall go to our cousin, T. W. Lee."

Upon the death of the testators the joint will was probated in 1913. It was admitted that all the legacies and debts of the devisors have been paid. It was also admitted that the plaintiff is the only heir at law of T. W. Lee, the devisee mentioned in the will.

Whatever may have been the effect of the devise to T. W. Lee "for his natural life in fee simple," it is apparent that the later devise of "all of the remainder of our estate . . . to our cousin, T. W. Lee," perfects title in fee in the named devisee; for if he took only a life estate by Item 2, the remainder passed to him by the inclusive terms of the residuary clause in Item 9. Thus the life estate and the remainder became united in the same person. 19 Am. Jur., 592.

It was well said in *Edens v. Williams,* 7 N. C., 27: "Every part of the will is to be considered in its construction, and no words ought to be rejected, if any meaning can be possibly put upon them. Every string should give its sound." *Heyer v. Bulluck,* 210 N. C., 321.

We concur in the ruling of the court below that plaintiff's proper deed would convey fee simple title to the land, subject to the dower right of plaintiff's mother, as agreed, and that upon tender of deed plaintiff is entitled to recover the balance of the purchase price of the land.

Judgment affirmed.