W. R. WILLIAMS, ADMINISTRATOR WITH THE WILL ANNEXED OF OCTAVIA RAND, v. PARKER B. RAND, W. K. RAND, THOMAS R. RAND, MRS. EUGENE C. ANDERSON, MRS. KATHERINE R. BERNHARD, ROBERT LEE RAND, W. R. WILLIAMS, C. L. WILLIAMS, HERBERT K. WILLIAMS, WILLIAM E. RAND, KENAN RAND, E. G. RAND, C. H. RAND, WILLIAM R. RAND, HUBERT RAND AND MRS. LINDA RAND BURTON.

(Filed 15 December, 1943.)

**1. Wills § 31—**

The cardinal principle in the interpretation of wills is to discover the intent of the testator, looking at the instrument from its four corners, and to give effect to such intent, unless contrary to some rule of law or at variance with public policy.

**2. Same—**

In construing a will, the entire instrument should be considered; clauses apparently repugnant should be reconciled; and effect given where possible to every clause or phrase and to every word. And words should be given their primary or ordinary meaning.

**3. Same—**

It is permissible, in order to effect a testator's intention or to ascertain his intention, for the court to transpose words, phrases, or clauses; and the court may disregard or supply punctuation.

**4. Same—**

Even words, phrases and clauses will be supplied, in the construction of a will, when the sense of the phrase or clause in question, as collected from the context, manifestly requires it.

**5. Wills § 34—**

By the use in a will of the words: "To my beloved brother, W. K. Rand, Durham, N. C., I bequeath my interest in 'Apt. House,' 125 Bloodworth St., Raleigh, N. C.—also ½ stock in Carolina Power & Light Co. after burial expenses—and putting plot in Oakwood Cemetery in perpetual care, the remainder, if there should be any, to be equally divided among the other brothers and sister (Mrs. Eugene Anderson)," the testatrix clearly intended to give her interest in the apartment house and also ½ of all of her stock in the company named to her brother W.; and the remainder of the stock in said company, if there should be any after burial

expenses and putting the cemetery plot in perpetual care, to be equally divided among her other brothers and sister, Mrs. E. A.

APPEAL by plaintiff from *Burney, J.,* at June Term, 1943, of WAKE.

This is an action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, chapter 102, Public Laws 1931, N. C. Code of 1939 (Michie), section 628 (a), *et seq.,* for the construction of the holograph will of Miss Octavia Rand.

The parties waived a jury trial and agreed that his Honor should hear the evidence, find the facts, and render a declaratory judgment thereon.

The plaintiff appealed from the judgment entered below, and assigned error.

*D. B. Teague for plaintiff.*
*No counsel for defendants.*

DENNY, J.   The question presented on this record is the proper construction of the first sentence of Miss Rand's holograph will, which reads as follows: "To my beloved brother, W. K. Rand, Durham, N. C., I bequeath my interest in 'Apt. House,' 125 Bloodworth St., Raleigh, N. C.—also ½ stock in Carolina Power & Light Co. after burial expenses—and putting plot in Oakwood Cemetery in perpetual care, the remainder, if there should be any, to be equally divided among the other brothers and sister, (Mrs. Eugene Anderson)." Prior to the death of the testatrix she executed a deed to her brother, W. K. Rand, for her interest in the Apartment House referred to above.

His Honor held that the proper interpretation of the above sentence was "that the said testatrix, Octavia Rand, bequeathed one-half of her stock in Carolina Power & Light Company by her said last will and testament to her brother, W. K. Rand, and the other half of her said stock in Carolina Power & Light Company to her brothers, Parker B. Rand and Thomas R. Rand, and her sister, Mrs. Eugene Anderson, subject to payment of burial expenses and putting plot in Oakwood Cemetery in perpetual care," and entered judgment accordingly.

The plaintiff contends his Honor's interpretation is clearly erroneous and was not an interpretation of the language used in respect to the stock in the Carolina Power & Light Company, but was based upon a transposition of clauses in the will so as to completely change its meaning and rewrite the will.

The plaintiff suggests two constructions of the sentence under consideration, neither of which was adopted by the court below: (1) That Miss Rand, by her will, intended to give to her brother, W. K. Rand, one-half of her stock in Carolina Power & Light Company, after the

payment of her burial expenses and putting plot in Oakwood Cemetery in perpetual care had been provided for therefrom; the remainder, or one-half of her stock in Carolina Power & Light Company, to be equally divided among the other brothers and sister, Mrs. Eugene Anderson. (2) That Miss Rand gave to her brother, W. K. Rand, one-half of her stock in Carolina Power & Light Company, as a trustee, the proceeds thereof to be used by him to pay the burial expenses of the testatrix and in putting plot in Oakwood Cemetery in perpetual care, and the remainder of such half of her stock, if there should be any, to be equally divided among the other brothers and sister, Mrs. Anderson. That as to the other one-half of the stock owned by the testatrix in the Carolina Power & Light Company, she died intestate.

"The cardinal principle in the interpretation of wills is to discover the intent of the testator, looking at the instrument from its four corners, and to give effect to such intent, unless contrary to some rule of law or at variance with public policy." *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Williamson v. Cox,* 218 N. C., 177, 10 S. E. (2d), 662; *Smith v. Mears,* 218 N. C., 193, 12 S. E. (2d), 649; *Culbreth v. Caison,* 220 N. C., 717, 18 S. E. (2d), 136; 28 R. C. L., 211.

In order to adopt the first suggested construction of this will, it would be necessary to strike out or completely ignore the effect of the clause "if there should be any," since this clearly modifies and relates to the words "the remainder." If the other brothers and sister, Mrs. Eugene Anderson, are to receive whatever property is referred to as "the remainder," then such property is subject to deductions for burial expenses and putting plot in Oakwood Cemetery in perpetual care. We think the language used by the testatrix expresses the intention to have "the remainder," first subjected to the charges referred to therein, and the residue of the remainder, if there should be any, to go to these legatees. To hold otherwise would give these legatees a larger bequest than was contemplated by the testatrix.

The second suggested construction is equally untenable. While it appears from the record herein that the testatrix disposed of only a part of her property by the will under consideration, and died intestate as to the other part, in construing a will the presumption against intestacy justifies an interpretation of the present instrument to the effect that the testatrix intended to bequeath all her stock in Carolina Power & Light Company, and we so hold. *Coddington v. Stone,* 217 N. C., 714, 9 S. E. (2d), 420; *West v. Murphy,* 197 N. C., 488, 149 S. E., 731; *Smith v. Creech,* 186 N. C.; 187, 119 S. E., 3; *Crouse v. Barham,* 174 N. C., 460, 93 S. E., 979; *Austin v. Austin,* 160 N. C., 367, 76 S. E., 272; *Powell v. Woodcock,* 149 N. C., 235, 62 S. E., 1071. Furthermore, we do not think the language used by the testatrix in her will supports an interpre-

tation to the effect that she intended to create a trust and that her brother, W. K. Rand, as trustee, was to receive and dispose of the property, pay the burial expenses, put the plot in Oakwood Cemetery in perpetual care, and to equally divide the remainder, if there should be any, among the other brothers and sister, Mrs. Eugene Anderson.

In construing a will, the entire instrument should be considered; clauses apparently repugnant should be reconciled; and effect given where possible to every clause or phrase and to every word. "Every part of a will is to be considered in its construction, and no words ought to be rejected if any meaning can possibly be put upon them. Every string should give its sound." *Edens v. Williams,* 7 N. C., 31; *Lee v. Lee,* 216 N. C., 349, 4 S. E. (2d), 880; *Bell v. Thurston,* 214 N. C., 231, 199 S. E., 93; *West v. Murphy, supra; Roberts v. Saunders,* 192 N. C., 191, 134 S. E., 451; *Snow v. Boylston,* 185 N. C., 321, 117 S. E., 14; *Hinson v. Hinson,* 176 N. C., 613, 97 S. E., 465; *Bowden v. Lynch,* 173 N. C., 203, 91 S. E., 957; *Satterwaite v. Wilkinson,* 173 N. C., 38, 91 S. E., 599; *McCallum v. McCallum,* 167 N. C., 311, 83 S. E., 350; *Alexander v. Alexander,* 41 N. C., 231; 28 R. C. L., 217.

It is permissible, in order to effectuate a testator's intention, or to ascertain a testator's intention, for the court to transpose words, phrases or clauses. *Heyer v. Bulluck, supra; Washburn v. Biggerstaff,* 195 N. C., 624, 143 S. E., 210; *Gordon v. Ehringhaus,* 190 N. C., 147, 129 S. E., 187; *Crouse v. Barham,* 174 N. C., 460, 93 S. E., 979; *Baker v. Pender,* 50 N. C., 351.

Likewise, to effectuate the intent of the testator, the court may disregard or supply punctuation. *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892; *Bunn v. Wells,* 94 N. C., 67; *Stoddart v. Golden,* 3 A. L. R., 1060, 178 Pac., 707. Even words, phrases and clauses will be supplied in the construction of a will when the sense of the phrase or clause in question, as collected from the context, manifestly requires it. *Washburn v. Biggerstaff, supra; Gordon v. Ehringhaus, supra; Crouse v. Barham, supra; Howerton v. Henderson,* 88 N. C., 597; *Dew v. Barnes,* 54 N. C., 149; *Sessoms v. Sessoms,* 22 N. C., 453.

*Walker, J.,* speaking for the Court, in the case of *Carroll v. Herring, supra,* said: "The primary object in interpreting all wills is to ascertain what testator desired to be done with his estate, and if it can be found in the language of the document, his intention always controls. It has been said that the cardinal rule of interpretation is that we should seek first and throughout for the testator's intention, as expressed in his will, and in doing so any obscurity or doubt as to the meaning may be cleared up by giving words their primary or ordinary signification, and so moulding the language by repeating, supplying, transferring, or substituting words and sentences, and so arranging them in a reason-

able manner and with proper punctuation as will more clearly disclose the true intent and meaning. 40 Cyc., 1386-1405."

We think his Honor correctly interpreted the intention of the testatrix. The meaning of the sentence under consideration, as constructed by the testatrix, is somewhat obscure, however, if the rules of construction applicable to the transposition of clauses, the supplying of words, and the latitude allowed in punctuation, in the interpretation of a will, are observed, the intent of the testatrix becomes clear. Applying these rules, the expressed intention of the testatrix may be more clearly stated as follows: To my beloved brother, W. K. Rand, Durham, N. C., I bequeath my interest in "Apt. House," 125 Bloodworth St., Raleigh, N. C., also ½ stock in Carolina Power & Light Co., the remainder (of the stock in Carolina Power & Light Company), if there should be any, after burial expenses and putting plot in Oakwood Cemetery in perpetual care, to be equally divided among my other brothers and sister, Mrs. Eugene Anderson.

The judgment of the court below is

Affirmed.