WACHOVIA BANK AND TRUST COMPANY and MARION GREEN JOHN-
STON, as Executors and Trustees Under the Will of GAY GREEN,
Deceased, and MARION GREEN JOHNSTON, Individually, v. OTTIS
GREEN, JR., AILEEN MOREL JOHNSTON, JOHN DEVEREAUX JOHN-
STON, JR., Minor, Represented Herein by His Duly Appointed Guardian
Ad Litem, JOHN DEVEREAUX JOHNSTON; LAURA ADELAIDE
GREEN, MARY VIRGINIA GREEN and MICHAEL JOSEPH GREEN,
Minors, Represented Herein by Their Duly Appointed Guardian Ad
Litem, VIRGINIA F. GREEN; and All Persons Not Now In Esse Who
May Hereafter Acquire an Interest in the Estate of GAY GREEN,
Deceased, and Be Affected by This Proceeding, Represented Herein by
Their Duly Appointed Guardian Ad Litem, JOHN C. CHEESBOROUGH.

(Filed 14 October, 1953.)

1. **Wills § 31—**

The intent of testator is the polar star that must guide the courts in the
interpretation of a will.

2. **Same—**

Ordinarily the intent of the testator must be ascertained from a con-
sideration of the will from its four corners, and such intent must be given
effect unless contrary to some rule of law or at variance with public policy.

3. **Same—**

Where the language of a will is ambiguous the court may take into con-
sideration testator's circumstances, his relation to the objects of his bounty
and what effect known forces may have had upon him at the time the will
was executed in order to ascertain testator's intent.

4. **Wills § 34b—Under provisions of will in suit, adopted children of testa-
tor's nephew were not entitled to share in income of trust.**

The will in suit provided for the distribution of the income from a trust
therein set up to testator's niece and nephew and the named children of
testator's niece, with provision that if any child or children should there-
after be "born" to either of them, such child or children should participate
in the distribution of the income. *Held:* Children adopted by testator's
nephew are excluded from sharing in the income, even though adoption
proceedings as to some of them were instituted prior to testator's death,
since the language, considered with other portions of the will, shows the
clear intent on the part of testator to limit the beneficiaries to those of his
blood.

5. **Wills § 31—**

Where the language of the will clearly expresses testator's intent, there
is no occasion for interpretation.

6. **Wills § 39—**

In this action to construe a will, the parties sought adjudication as to
whether the three adopted children of testator's nephew would be entitled
to share in the *corpus* of the trust. *Held:* Since the question is one of law
and presently determinable, and since it is not moot unless all three

adopted children should die prior to the death of the survivor of the life beneficiaries, the parties are entitled to a determination of the question. G.S. 1-253.

APPEAL by defendants Ottis Green, Jr., and Virginia F. Green, guardian *ad litem* of Laura Adelaide Green, Mary Virginia Green and Michael Joseph Green, minors, from *Phillips, J.,* April Term, 1953, of BUNCOMBE.

Gay Green, a citizen and resident of Buncombe County, North Carolina, died on 8 June, 1951, leaving a last will and testament which has been duly filed and admitted to probate in the office of the Clerk of the Superior Court in the aforesaid county.

Mrs. Effie M. Green, the widow of the testator, dissented from her husband's will and was awarded her share of the estate as provided by law. See *Trust Co. v. Green,* 236 N.C. 654, 73 S.E. 2d 879.

The present action was instituted by the duly appointed and acting executors and trustees under the last will and testament of Gay Green, deceased, and Marion Green Johnston, individually, to obtain the advice and instruction of the court with respect to the following questions:

"(a) As to whether the defendants Laura Adelaide Green and Mary Virginia Green are, or either of them is, entitled to participate in the distribution of the income of the Trusts created by the will of Gay Green, deceased, and, if so, from what time and on what basis.

"(b) As to whether the defendant Michael Joseph Green, upon the completion of adoption as a child of the defendant Ottis Green, Jr., will be entitled to participate in the distribution of the income of the Trusts created by the will of Gay Green, deceased, and, if so, on what basis.

"(c) As to whether the defendants Laura Adelaide Green and Mary Virginia Green, and the defendant Michael Joseph Green, if his adoption as a son of Ottis Green, Jr., is then complete, will be entitled to share in the distribution of the assets of the Trusts created by the will of Gay Green, deceased, as children of the defendant Ottis Green, Jr., when said Trusts have terminated."

The clauses in the will under consideration and pertinent to this appeal are as follows:

"Sub-paragraph (c) of Section (4) of Item V:

"They shall pay the remaining net income in regular installments, not less frequently than quarterly, in equal shares, to my niece, Marion Green Johnston, my nephew, Ottis Green, Jr., and the children of said Marion Green Johnston, namely: Aileen Morel Johnston, and John Devereaux Johnston, Jr. In the event any child or children shall hereafter be born to either my said niece or my said nephew, such child or children shall participate equally with the others just named, in the distributions made under this sub-paragraph.

"Paragraph 3 of Item X:

"They shall collect all of the income from the Trust assets, and, after paying all taxes, insurance and other proper charges in connection with the administration of the Trust, and the management of the various properties and assets therein, including the compensation of the corporate Trustee, they shall pay the same in regular installments, not less frequently than quarterly, in equal shares, to my niece, Marion Green Johnston, my nephew, Ottis Green, Jr., and the children of said Marion Green Johnston, viz.: Aileen Morel Johnston, and John Devereaux Johnston, Jr. In the event any child or children shall hereafter be born to either my said niece or my said nephew, such child or children shall participate equally with the others just named in the distribution made under this sub-paragraph.

"In the event that, during the life of this Trust, any beneficiary thereunder, other than my said niece or my said nephew, shall die, leaving issue then surviving, such issue shall receive the income which their parent would have received, if living.

"Paragraph 4 of Item X:

"Upon the death of the last survivor of my said niece, Marion Green Johnston, and my said nephew, Ottis Green, Jr., the Trust created by this Item of my will shall terminate and the net assets of this Trust shall be paid and delivered, share and share alike, to the children of Marion Green Johnston, and the children of Ottis Green, Jr., then surviving, the issue of any deceased child to receive, *per stirpes,* the share which their parent would have received, if living."

At the time of the testator's death, initial adoption proceedings had been instituted by Ottis Green, Jr., and his wife, Virginia F. Green, for the adoption by them of Laura Adelaide Green and Mary Virginia Green, but the adoption of said children was not completed until more than a year after the death of the testator, to wit: 23 June, 1952. Thereafter, on 21 August, 1952, the defendants Ottis Green, Jr., and his wife, Virginia F. Green, through counsel, notified the petitioners that it was their contention and demand that their adopted children be included as beneficiaries in any and all benefits and rights accruing in the above mentioned provisions of said will, and that upon completion of the final adoption, a child, Michael Joseph Green, be also included.

The court below heard this matter upon the pleadings, and among the findings of fact are these: That all parties having an interest in the questions raised by the petition have been properly made parties, served with process, and are now before the court, and have filed answers; that all parties who are minors as well as those not *in esse* who may under any contingency have any interest in the subject matter of the proceeding were properly represented before the court by guardians *ad litem* duly

appointed by the court for that purpose; and that the court has juris-
diction of the parties to the proceeding and the subject matter of the
controversy.

His Honor, after having considered the petition and the several answers
filed by the defendants, and the respective arguments of counsel, con-
cluded that no issue of fact was raised by the pleadings, and entered judg-
ment to the following effect: (1) As to question (a), that Laura Adelaide
Green and Mary Virginia Green are not entitled to participate in the
distribution of the income of the trusts created by the will of Gay Green;
(2) as to question (b), that Michael Joseph Green is not entitled to par-
ticipate in the distribution of the income from the aforesaid trusts; (3)
as to question (c), the court declined to grant the request therein on the
ground that the determination of the inquiry presented may depend upon
events which have not yet occurred and that there is no present need of
such instruction in order to enable the executors and trustees to perform
their duties.

The defendants Ottis Green, Jr., and Virginia F. Green, guardian
*ad litem* of Laura Adelaide Green, Mary Virginia Green and Michael
Joseph Green, minors, appeal, assigning error.

*Williams & Williams for appellants Ottis Green, Jr., and Virginia F.
Green, guardian ad litem of Laura Adelaide Green, Mary Virginia Green
and Michael Joseph Green.*

*Hudgins & Adams and Ward & Bennett for appellees Aileen Morel
Johnston and John Devereaux Johnston, guardian ad litem for John
Devereaux Johnston, Jr.*

*John C. Cheesborough, attorney, and guardian ad litem for all persons
not now in esse.*

DENNY, J.   The appellants present the following questions for our
consideration: (1) In the interpretation of the testator's will, do the
words "in the event any child or children shall hereafter be born to either
my said niece or my said nephew" exclude the adopted children of Ottis
Green, Jr., as a matter of law, or should the intent of the testator be
ascertained through extrinsic evidence? (2) Under the facts and cir-
cumstances disclosed by this record, did the court err in declining to
consider or interpret the residuary clause of the will with respect to the
ultimate distribution of the net assets of the trusts?

It is axiomatic that the intent of the testator is the polar star that must
guide the courts in the interpretation of a will.   *Voncannon v. Hudson-
Belk Co.,* 236 N.C. 709, 73 S.E. 2d 875; *Efird v. Efird,* 234 N.C. 607,
68 S.E. 2d 279; *Buffaloe v. Blalock,* 232 N.C. 105, 59 S.E. 2d 625;
*Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; *Cannon v. Cannon,* 225

N.C. 611, 36 S.E. 2d 17; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. Ordinarily, this intent must be ascertained from a consideration of the will from its four corners, and effect given to such intent, unless contrary to some rule of law or at variance with public policy. *Efird v. Efird, supra; Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck, supra.*

It is equally true that where the language in a will is ambiguous, or of doubtful meaning, the court should place itself as near as practicable in the position of the testator in order that the language used may be interpreted from his viewpoint as an aid in arriving at his intent. In such instances, the court may properly take into consideration the testator's situation, how he was circumstanced, his relation to the objects of his bounty, and what effect known forces may have had upon him at the time the will was executed. *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151; *Trust Co. v. Bd. of National Missions,* 226 N.C. 546, 39 S.E. 2d 621; *Heyer v. Bulluck, supra; Raines v. Osborne,* 184 N.C. 599, 114 S.E. 849.

In the instant case, the testator executed his will on 10 December, 1947, and provided for the establishment of two trusts. The trust created pursuant to the provisions contained in Item V of the will was created primarily for the benefit of certain named beneficiaries for life. Until the death of the last survivor of these life beneficiaries, the beneficiaries named in sub-paragraph (c) of section (4) of Item V of the will are to receive only what is left of the income from the trust, after paying the designated sums to the life beneficiaries. On the other hand, the trust established under Item X of the will is for the sole and exclusive benefit of the testator's niece Marion Green Johnston, his nephew Ottis Green, Jr., and the children of his niece Marion Green Johnston, viz.: Aileen Morel Johnston and John Devereaux Johnston, Jr., together with any other children that might be born, after the execution of the will, to either his niece Marion Green Johnston and his nephew Ottis Green, Jr. Furthermore, upon the death of the last survivor of the life beneficiaries under the trust created in Item V of the will, the trust is to terminate, and the *corpus* thereof is to become a part of the trust established in Item X of the will. The latter trust is to continue until the death of the last survivor of the testator's niece Marion Green Johnston and his nephew Ottis Green, Jr., at which time the net assets of the trust "shall be paid and delivered, share and share alike, to the children of Marion Green Johnston, and the children of Ottis Green, Jr., then surviving, the issue of any deceased child to receive, *per stirpes,* the share which their parent would have received, if living."

As to the first question presented by the appellants, we concur in the ruling of the court below. There is no ambiguity in the language of the

will with respect to the beneficiaries of the trusts. It provides clearly and unequivocally that the beneficiaries of both trusts, exclusive of the sums to be paid to certain designated persons for life, shall be his niece Marion Green Johnston and his nephew Ottis Green, Jr., and Aileen Morel Johnston and John Devereaux Johnston, Jr., children of his niece, together with any child or children that may thereafter be born to either his niece Marion Green Johnston or his nephew Ottis Green, Jr. Moreover, he provided that in the event, during the life of the trust created under Item X of his will, *any beneficiary thereunder,* other than his niece Marion Green Johnston and his nephew Ottis Green, Jr., should die, leaving issue then surviving, such issue shall receive the income their parent would have received, if living.

The language of the testator's will in so far as it directs the distribution of the income from the respective trusts, except for the payment of the designated sums to the life beneficiaries, shows a clear intent to limit the beneficiaries to those of his blood. Therefore, the contention of the appellants that in the interpretation of this will we should give effect to our statutes governing the adoption of children, which provide that an adopted child may take by succession or inheritance from and through its adoptive parents on an equality with natural-born children, is without merit. *Bradford v. Johnson,* 237 N.C. 572, 75 S.E. 2d 632. The intent of a testator, if possible, must be ascertained from the language of his will and where the language clearly expresses his intention there is no occasion for interpretation. *Cannon v. Cannon, supra; Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888; *McDaniel v. King,* 90 N.C. 597.

As to the second question, we concede that the identity of the ultimate takers of the net assets of these trusts under the residuary clause of the will must await the call of the roll at the death of the last survivor of the testator's niece Marion Green Johnston and his nephew Ottis Green, Jr. However, as to whether the adopted children of Ottis Green, Jr., are beneficiaries within the meaning of the residuary clause of the will depends upon the interpretation given to the pertinent provisions thereof. It is purely a question of law, now determinable, and nothing except the death of all three of the adopted children of Ottis Green, Jr., prior to the death of the last survivor of the niece and nephew of the testator can obviate the necessity for its determination. This contingency, in our opinion, does not justify the postponement of a decision thereon until the death of the last survivor of the testator's niece and nephew. G.S. 1-253; *Williams v. Johnson,* 228 N.C. 732, 47 S.E. 2d 24. The adoptive parents are entitled to know whether or not these children will share in the distribution of the net assets of the trusts, if they are living when these trusts are terminated. Doubtless, plans for the future of the children will be governed somewhat by the answer to this question. The factual

situation here is different from that in the case of *Wachovia Bank & Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578, and similar cases cited by the appellees. Therefore, the judgment of the court below is affirmed as to the first question raised on the appeal, but the cause is remanded for further hearing and decision as to whether or not the adopted children of Ottis Green, Jr., or any of them, will be eligible to answer the roll call, if living, at the death of the last survivor of the testator's niece Marion Green Johnston and his nephew Ottis Green, Jr. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888.

Error and remanded.