HARRIETT MARKS v. RUTH THOMAS AND FANNIE THOMAS.

(Filed 4 November, 1953.)

**1. Wills § 31—**

The cardinal principle in the interpretation of wills is to discover the intent of testator.

**2. Same—**

The intent of testator must be ascertained if possible from the language used, considered in the light of attendant circumstances and giving its terms their legal significance.

**3. Wills § 38—Provision that after life estate realty should go "back to my estate" held to devise remainder to heirs general.**

> Testatrix left all of her real and personal property to her sister "excepting the following bequests." Testatrix then devised the sister a life estate in certain realty with provision that at her sister's death it should go to named nieces for life and at their death "back to my estate." *Held:* The sister did not take the fee in the realty even though the first clause be construed as a residuary clause, since the realty was excepted from that clause, and the term "back to my estate," in the context, means heirs general of testatrix. This construction will not be defeated by a provision of the will that testatrix did not wish her nephew to inherit any of the estate.

APPEAL by plaintiff from *Frizzelle, J.,* August Term, 1953, of CRAVEN. Affirmed.

This was a controversy without action submitted to the court by the parties in accord with the provisions of G.S. 1-250, to determine the title to certain real property under the last will and testament of Belle Marks Hyman.

The holographic will of Belle Marks Hyman, which has been duly probated, contains the following pertinent provisions:

"To my sister, Harriet Marks, I leave everything I own, both real and personal, excepting the following bequests: . . . My interest in the McLellan Store and the two stores on Middle Street, to Harriet Marks during her life time, and at her death to Ruth Thomas and Fannie Thomas only during their lifetime, and at their death, back to my estate." Following numerous bequests of personal property appeared this clause: "I am not desirous that Albert Marks should inherit any of my holdings as it was my mother's request, as he has the property which was his father's which came from my father and he had part of the business and lost it."

Two codicils were added but these relate only to certain personal property and are not involved in the decision of the question presented.

The plaintiff Harriett Marks contends that under the terms of the will she acquired a fee simple title to the real property described. On the other hand, the defendants contend that at the termination of the life estates provided in the will title to this property will vest in the heirs of the testatrix Belle Marks Hyman.

The court below was of opinion that upon the falling in of the life estates referred to the heirs of Belle Marks Hyman would be entitled to the fee in the real property described, and so adjudged.

The plaintiff excepted and appealed.

*R. E. Whitehurst and George B. Riddle, Jr., for plaintiff, appellant.*
*C. E. Hancock, Jr., for defendants, appellees.*

Devin, C. J. The question presented by this appeal involves the interpretation of the provisions of the will of Belle Marks Hyman wherein she devised certain real property "to Harriett Marks during her lifetime, and at her death to Ruth Thomas and Fannie Thomas only during their lifetime, and at their death, back to my estate." Under this provision, considered in connection with the language of the first clause of the will, does the plaintiff Harriett Marks acquire a fee simple title to the property, or does the phrase "back to my estate" carry the limitation over to the heirs of the testatrix?

The cardinal principle in the interpretation of wills is to discover the intent of the testator (*Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356), and this intent must be ascertained if possible from the language used by the testator according to the circumstances attendant. *Patterson v. McCormick,* 181 N.C. 311, 107 S.E. 12. The intention of the testator as expressed in the language of the will must prevail. *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662. "It is our duty, as far as possible, to give to words used by a testator their legal signification, unless it is apparent from the will itself that they were used in some other sense." *May v. Lewis,* 132 N.C. 115, 43 S.E. 550.

The appellant's position is that in the first clause of the will she was in effect made residuary devisee, and that the words "back to my estate" meant that the title to the property after the termination of the life estates would pass under this residuary clause, and that thus she acquired fee simple title to the property, subject only to the intermediate life estate of Ruth and Fannie Thomas.

The appellant cites in support of this position the case of *Lee v. Lee,* 216 N.C. 349, 4 S.E. 2d 880. But that case does not help us. In the *Lee* case the devise of a life estate in the property to T. W. Lee was followed in a later clause in the will by a specific devise of the remainder to the same person. "Thus the life estate and the remainder became united in the same person."

The intent of the testator must be determined in conformity with the legal significance of the language used considered in the light of the attendant circumstances. In providing for the final disposition of the property after the termination of the intermediate life estates the testatrix wrote "back to my estate"—not Harriett's. She had given her sister a life estate and provided that upon the death of her sister her nieces should thereafter have a life estate in the property. Under these circumstances we think the conclusion is inescapable that by the language used the testatrix intended that after the death of her sister and nieces her own heirs should be the ultimate takers.

This view is supported by the decision of this Court in *Reid v. Neal,* 182 N.C. 192, 108 S.E. 769. In that case the testator devised land to his

daughter for life and at her death "to her bodily heirs, if any, and if none to return to my estate." It was held that the daughter took a fee defeasible upon her dying without issue, in which event the remainder over was to the heirs general of the testator, and that the provision should be construed as if the testator had written "if none, to my heirs."

While the word "estate" has more than one meaning and is susceptible of more than one construction, we think its legal significance here must be determined by the provisions of the will in the context in which it appears. *Reid v. Neal, supra.*

If it be conceded that the language of the first clause of the will constituted Harriett Marks the residuary devisee, it also appears that after the words "to my sister Harriett Marks I leave everything I own," the testatrix wrote "excepting the following bequests," including the provisions as to the real property.

The plaintiff calls attention to the clause in the will in which the testatrix expressed her desire that her nephew should not inherit any of her holdings as evidence that she did not intend that the property should pass to her heirs general. However, it was argued on the other hand that if she had intended that her sister Harriett should have a fee simple title to the property her nephew would have no interest in its ultimate devolution.

Judge Frizzelle has properly interpreted the provisions of the will of Belle Marks Hyman, and his judgment thereon is

Affirmed.