P. P. GREGORY v. GIDEON TILLITT GODFREY, BESS TILLITT GOD-
FREY SAWYER, AND WILLIAM CHARLES SAWYER, ORIGINAL DE-
FENDANTS, AND W. S. GODFREY, GUARDIAN AD LITEM OF UNBORN CHILDREN
OF GIDEON TILLITT GODFREY, ADDITIONAL DEFENDANT.

(Filed 1 March, 1961.)

**1. Declaratory Judgment Act § 1—**

A proceeding may be maintained under the Declaratory Judgment Act
to determine the persons who will be entitled to the remainder after a
life estate in lands under the terms of a will, there being a *bona fide*
controversy as to the construction of the will in this respect. G.S. 1-253,
G.S. 1-254.

**2. Wills § 33g—**

The will devised lands to testator's children for life with provision
that the life estate of any child dying without leaving lineal descendants
should go to the surviving children for life, with further provision that
if any child died leaving a child or children him surviving such grand-
children should take the fee after the life estate. *Held:* The remainder
in the portion of any of testatrix's children leaving lineal descendants
vests in such descendants, while the portion of any child leaving no lineal
descendants goes, after the termination of the life estate, to testatrix's
descendants *per stirpes.*

APPEAL by respondents from *Bone, J.,* December Term 1960 of the
Superior Court of PASQUOTANK, at which time it was agreed by all
the parties that the judgment rendered should have the same force
and effect as if it had been rendered at the September Term 1960 of
CAMDEN.

This is a proceeding brought under the Declaratory Judgment Act,
G.S. 1-253, *et seq.*

Mrs. Bettie F. Tillitt, a widow, died in 1925, leaving surviving her
five children, Arkie M. Tillitt Grandy, a daughter, who died in 1933,
leaving no child or other lineal descendants; D. Howard Tillitt, a son,
who died in 1940, leaving one child, Bettie Anna Tillitt Cobb; Bruce
Martin Tillitt, a son, who died in 1943, leaving one child, Bettie Tillitt
Bunting; Bess Tillitt Gregory, a daughter, who died in 1956, leav-
ing no child or other lineal descendants; and Gideon Tillitt Godfrey,
a daughter, one of the respondents, who has one child, respondent
Bess Tillitt Godfrey Sawyer who also has one living child who, at the
time the answer was filed herein, was about one month old.

The petitioner is the widower of Bess Tillitt Gregory. In 1954, by
deeds regular in all respects, the petitioner purchased the vested and
contingent interest of the said Bettie Anna Tillitt Cobb and husband
and of Bettie Tillitt Bunting and husband in the land devised and
referred to in Item 4 of the will of Bettie F. Tillitt.

The will of the said testatrix contained the following:

"ITEM 4. My children are each and all equally dear to me, and it is my desire that each shall have an equal benefit from my estate. I, therefore, will and devise to them my "Brickhouse Farm," the school lot and any other land I may own at the time of my death, for and during the term of their several lives, and should any of them die, without leaving lineal descendant, then in that event the portion going to such one, shall go to his or her surviving brother and sisters, during their natural lives, but to those who may leave child or children, I will and devise the remainder after said life estate in said real property to the children of my said deceased child or children in fee simple."

Four of the children of Bettie F. Tillitt are now dead, only two of whom left a child surviving. The respondent Gideon Tillitt Godfrey is the sole surviving child of the testatrix and, therefore, the sole surviving life tenant under the terms of the will of the testatrix.

It is conceded by the petitioner that upon the death of Bess Tillitt Gregory without leaving a child or other lineal descendants, her one-fourth undivided interest which would have passed to her child or children at the time of her death had she been survived by a child or children, passed to Gideon Tillitt Godfrey for life, but it is alleged by the petitioner that upon the death of the said Gideon Tillitt Godfrey, the fee simple title to said property will vest in the descendants of Bettie F. Tillitt *per stirpes* or their assigns in equal shares. The respondents on the other hand allege and contend that the petitioner is the owner in fee simple of an undivided one-half interest in said lands and the respondent Gideon Tillitt Godfrey owns the other one-half interest for life with remainder to her surviving child or children.

The court below held that it had jurisdiction of this proceeding, under the Declaratory Judgment Act, and overruled the respondents' motion to dismiss on the ground that the proceeding presented only a moot question, and further held that upon the death of Bess Tillitt Gregory without lineal descendants, the one-fourth undivided interest held by her vested in Gideon Tillitt Godfrey for life, and that upon the death of the said Gideon Tillitt Godfrey, the fee simple title to said property will vest *per stirpes* in the descendants of Bettie F. Tillitt.

The respondents appeal, assigning error.

*LeRoy, Goodwin & Wells for petitioner appellee.*
*E. Ray Etheridge and John H. Hall for respondents appellant.*

DENNY, J. This cause was heard by the court below without a

jury, by agreement of the parties, upon the pleadings, the evidence offered, and the stipulations.

G.S. 1-253 of the Uniform Declaratory Judgment Act reads as follows: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

G.S. 1-254 of said Act is as follows: "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof."

In view of the conflicting construction placed on Item 4 of the will of Bettie F. Tillitt as set out in the pleadings, and in the light of the above provisions contained in our Declaratory Judgment Act, we are constrained to uphold the ruling of the court below in overruling the respondents' motion to dismiss on the ground that the question presented by the petitioner was moot. *Trust Co. v. Green,* 238 N.C. 339, 78 S.E. 2d 174; *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888.

The question presented on this appeal is purely a legal one. If Gideon Tillitt Godfrey at the time of her death is survived by a child or other lineal descendants, such child or other lineal descendants will take in fee the one-fourth undivided interest in which she held a life estate prior to the death of her sister, Bess Tillitt Gregory. *Bunting v. Cobb,* 234 N.C. 132, 66 S.E. 2d 661. The other one-fourth interest in which she holds a life estate as the last survivor of the five children of Bettie F. Tillitt, under the terms of the will, the fee simple title to this one-fourth interest will vest *per stirpes* in the descendants of Bettie F. Tillitt or their assigns.

On the other hand, if Gideon Tillitt Godfrey should die without leaving a child or other lineal descendants, then in that event the entire remainder of the one-half undivided interest in which she holds a life estate, under the terms of Item 4 of the will of Bettie F. Tillitt, will vest in fee simple *per stirpes* in the descendants of Bettie F. Tillitt or their assigns.

Except as modified, the judgment below will be upheld.

Modified and affirmed.