MARY KISTLER STONEY, ANDREW M. KISTLER II, ANDREW M. KISTLER III, MARGARET CHRISTINE KISTLER, DOROTHY E. KISTLER AND MARGARET J. KISTLER, GUARDIAN AD LITEM FOR THE INFANT PLAINTIFFS ANDREW M. KISTLER III, MARGARET CHRISTINE KISTLER, AND DOROTHY E. KISTLER, AND ALL PERSONS WHO MAY NOW OR HEREAFTER AT ANY TIME HAVE OR CLAIM TO HAVE THROUGH ANY OF SAID INFANT PLAINTIFFS ANY INTEREST UNDER ARTICLE EIGHTH OF THE WILL OF ANDREW M. KISTLER v. RODERICK M. MacDOUGALL, TRUSTEE UNDER THE WILL OF ANDREW M. KISTLER: MARY KISTLER STAHL, CHARLES E. KISTLER III, JOHN F. KISTLER II, KAREN M. KISTLER, DELL E. KISTLER, JAMES B. CRAVEN III, STEPHEN K. CRAVEN, MARY K. STAHL; ELIZABETH M. STAHL, JAMES B. CRAVEN IV, JOSEPH H. CRAVEN, AND CHRISTA COVINGTON CRAVEN, INFANTS; HATTIE HARWOOD, HENRY HARWOOD, ALBERT LESLIE HARWOOD III, KENNETH M. HARWOOD, ELIZABETH HARWOOD ELDREDGE, DAVID KISTLER HARWOOD, WILLIAM B. HARWOOD, GORDON D. HARWOOD, PRISCILLA S. HARWOOD, JANE W. HARWOOD, HUGH HARWOOD, RICHARD KISTLER HARWOOD, PETER BOWKER HARWOOD, ANN ELIZABETH HARWOOD, JOHN CHAMBERLAIN HARWOOD, MARGARET E. HARWOOD, ALBERT LESLIE HARWOOD IV, HENRY HARWOOD II, LAWRENCE C. HARWOOD, JAMES B. HARWOOD, ROBIN ELIZABETH HARWOOD, ANDREW CHARLES HARWOOD, TANIA LEE HARWOOD, KENDRICK N. ELDREDGE, JR., ANDREW H. ELDRIDGE, KRISTEN DAVIS HARWOOD, KIMBERLY

S. HARWOOD, AND ROBERT DONALD HARWOOD, INFANTS; AND ALL UNBORN AND UNKNOWN PERSONS WHO MAY NOW OR HEREAFTER AT ANY TIME HAVE OR CLAIM TO HAVE ANY INTEREST UNDER ARTICLE EIGHTH OF THE WILL OF ANDREW M. KISTLER AND ARE NOT REPRESENTED BY MARGARET J. KISTLER, GUARDIAN AD LITEM FOR THE INFANT PLAINTIFFS; AND WAYNE W. MARTIN, GUARDIAN AD LITEM FOR THE INFANT DEFENDANTS ELIZABETH M. STAHL, JAMES B. CRAVEN IV, JOSEPH H. CRAVEN, CHRISTA COVINGTON CRAVEN, MARGARET E. HARWOOD, ALBERT LESLIE HARWOOD IV, HENRY HARWOOD II, LAWRENCE C. HARWOOD, JAMES R. HARWOOD, ROBIN ELIZABETH HARWOOD, ANDREW CHARLES HARWOOD, TANIA LEE HARWOOD, KENDRICK N. ELDREDGE, JR., ANDREW H. ELDREDGE, KRISTEN DAVIS HARWOOD, KIMBERLY S. HARWOOD, AND ROBERT DONALD HARWOOD, AND ALL UNBORN AND UNKNOWN PERSONS WHO MAY NOW OR HEREAFTER AT ANY TIME HAVE OR CLAIM TO HAVE ANY INTEREST UNDER ARTICLE EIGHTH OF THE WILL OF ANDREW M. KISTLER

No. 7625SC495

(Filed 15 December 1976)

1. Wills § 48— whether adopted children take under will

The mere use of the word "issue" in a will drafted prior to the enactment of G.S. 48-23(3) did not reveal an intent to exclude adoptives from provisions of the will.

2. Wills § 48— whether adopted children take under will

Provision in a will alluding to the fact that a sister provided for in the will was adopted did not disclose an intent by testator to exclude other adoptives from taking under the will.

3. Declaratory Judgment Act § 1; Wills § 48— status of adopted children under will

The determination of the status of adopted children under the terms of a will is within the purpose of the Declaratory Judgment Act.

APPEAL by defendants from *Ervin, Judge.* Judgment entered 25 March 1976 in Superior Court, BURKE County. Heard in the Court of Appeals 19 October 1976.

This declaratory judgment action was instituted to obtain construction of Article Eight of the will of Andrew M. Kistler, who died in 1931. The plaintiffs and defendants comprise all persons, born and unborn, with an interest in the income and principal of the residuary trust created in that article. The assets of the trust had a fair market value on 9 February 1976 of $1,668,954.25. The complaint seeks a declaration as to the rights of three minor plaintiffs who are the adopted children of testator's grandchild, Andrew M. Kistler, II.

Article Eight provides certain distributions to the "issue of Charles E. Kistler," who is now deceased. Charles E. Kistler, by virtue of the adoptions by his son, Andrew M. Kistler II, was the grandfather of the three adopted minors whose rights under his will are at issue in this action. The remaining terms of Article Eight are not relevant to this appeal and will not be recited.

The complaint requested a declaration that the three adopted children of Andrew M. Kistler II and their issue, whether natural or adopted, are entitled to take under Article Eight of the will of Andrew M. Kistler in the same manner and extent as natural issue. All adult defendants joined in the request in their answers. A guardian *ad litem* was appointed for all minor, unborn, and unknown defendants.

A declaratory judgment as requested by plaintiffs and adult defendants was granted. From this judgment the guardian *ad litem* appeals.

*Hudson, Petree, Stockton, Stockton & Robinson by H. G. Hudson for plaintiff appellees; Everett, Everett, Creech & Craven by James B. Craven III for defendant appellees, Mary Kistler Stahl and all other adult defendants who are members of the family of Andrew M. Kistler and Hattie Harwood and all other adult members of the Harwood family.*

*Wayne W. Martin for the guardian* ad litem *for infant, unborn and unknown, defendant appellants.*

CLARK, Judge.

G.S. 48-23(3) states that

"From and after the entry of the final order of adoption, the words 'child,' 'grandchild,' 'heir,' 'issue,' 'descendant,' or an equivalent, or the plural forms thereof, or any other word of like import in any deed, grant, will or other written instrument shall be held to include any adopted person, unless the contrary plainly appears by the terms thereof, whether such instrument was executed before or after the entry of the final order of adoption and whether such instrument was executed before or after the enactment of this section."

[1] Appellant argues that in two terms of the will the contrary intent of the testator plainly appears. Appellant first argues that at the time the will was drafted and at testator's death, the word issue did not include adopted children, and therefore merely by its use at that time an intent contrary to the provisions of G.S. 48-23(3) plainly appears in Article Eight. Were this argument to be adopted it would vitiate the effect of G.S. 48-23(3) on all instruments drafted before its enactment, contrary to the clearly expressed intent of the legislature. It is well established that the cardinal principle in the construction of a will is to give effect to the intent of the testator as it appears from the language used in the instrument itself, subject to the limits imposed by statute or decision. *Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301 (1970). G.S. 48-23(3) has not changed this principle, but merely has provided the courts with a clear and certain rule of construction to be applied unless a contrary intent plainly appears from the terms of the instrument. *Peele v. Finch,* 284 N.C. 375, 200 S.E. 2d 635 (1973). We hold that the mere use of the word issue in an instrument drafted prior to the enactment of G.S. 48-23(3) does not plainly reveal the contrary intent required by the statute. *Peele v. Finch, supra; Stoney v. MacDougall,* 28 N.C. App. 178, 220 S.E. 2d 368 (1975), *cert. denied,* 289 N.C. 302, 222 S.E. 2d 702 (1976).

[2] Appellant also relies upon Article Fourteen of the will, which states that

> "My sister, Hattie Harwood, for whom I have made provision if certain contingencies shall occur is not my sister by blood but by adoption and I mention this fact in order that no complication may arise on account of this relationship."

We fail to see how this provision plainly reveals an intent to exclude all adoptives from the will. Quite to the contrary, this provision reveals a heartfelt desire that there be no discrimination against testator's adopted sister. To deduce an intent to exclude all adoptives from a provision expressing a clear desire to include one adoptive is a step in logic this court is not prepared to take.

[3] The recent case of *Crumpton v. Crumpton,* 290 N.C. 651, 227 S.E. 2d 587 (1976), held that in a proceeding for a private sale of land under G.S. 41-11, it would be premature to deter-

mine the ultimate disposition of the sale proceeds in the hands of the Clerk by deciding whether a contingent interest of children of a deceased son of the life tenant had been destroyed by virtue of their adoption from the deceased son.

> "A close examination of *the statute* reveals that *its purpose* is not to obtain predictive declarations of future rights of the parties *inter se,* but rather to promote the interest of all the parties by allowing the sale of desirable land free from the restrictions imposed by the presence of uncertainties as to whom the land will ultimately belong. . . . " 290 N.C. at 655, 227 S.E. 2d at 591. (Emphasis added.)

The decision in *Crumpton* has no application to the case before us. This action was brought under the Uniform Declaratory Judgment Act, G.S., Chap. 1, Art. 26. G.S. 1-254 provides that: "Any person interested under a . . . will . . . or whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the instrument, statute . . . and obtain a declaration of rights, status or other legal relations thereunder. . . . " The determination of the status of the adopted children is clearly within the purpose of the Act. *Trust Co. v. Green,* 238 N.C. 339, 78 S.E. 2d 174 (1953) ; *Little v. Trust Co.,* 252 N.C. 229, 113 S.E. 2d 689 (1960) ; *Gregory v. Godfrey,* 254 N.C. 215, 118 S.E. 2d 538 (1961).

The judgment is

Affirmed.

Judges MORRIS and ARNOLD concur.