D. A. PATTERSON ET AL. v. SALLIE E. McCORMICK ET AL.

(Filed 4 May, 1921.)

1. **Wills—Interpretation—Intent.**

   A will is construed as a whole to ascertain the intent of the testator, and, except as to the meaning of words and phrases of a settled legal purport, little help is to be derived from adjudicated cases owing to the usual dissimilarity of facts and expressions used.

2. **Same—Estates—Contingent Remainders.**

   Upon a devise to two nephews (named) of the testator, an undivided one-half interest of certain land to each, but upon the contingency of the death of one of the named nephews, without issue, the property to go to the other nephew and the heirs of A. and G.: *Held,* the nephews so named will be presumed to be the primary objects of the testator's bounty, nothing else appearing, and upon the death of one of them, without issue,

the half interest devised upon contingency to the deceased nephew will be divided into three equal parts, one part for the surviving nephew, having issue, and one part each to the heirs of A. and G., as the secondary objects of the testator's bounty.

HOKE, J., dissenting.

APPEAL by both parties from *McElroy, J.,* at November Term, 1920, of SCOTLAND.

This is a controversy over the construction of item 3 in the will of Hugh L. Patterson. A jury trial was waived, and from the judgment of the court both parties appealed.

*Cansler & Cansler, Russell & Weatherspoon for plaintiffs.*
*C. W. Tillett, McLean, Varser, McLean & Stacy, Cox & Dunn, McIntyre, Lawrence & Procter for defendants.*

CLARK, C. J. This case was before the Court at Fall Term, 1918, *Patterson v. McCormick,* 177 N. C., 448. The main question then was whether the plaintiffs owned any interest in the Hugh L. Patterson plantation, and the Court held that "upon the death of John D. Jowers the title of the plantation in question vested absolutely in the plaintiffs, as the children of Archibald and Gilbert Patterson, and the defendants, the purchasers from Clem Jowers." Upon this trial in the Superior Court it was agreed between the parties, as appears in the record, that there was presented only the question of the quantum of the share belonging to the plaintiffs and the quantum belonging to the defendants in the plantation upon a proper construction of item 3 of the last will and testament of Hugh L. Patterson. The plaintiffs contended that they were entitled to two-thirds of the plantation, while the defendants contended that they were entitled to three-fourths of the plantation. The court below held that the plaintiffs are entitled to only one-third of the plantation and that the defendants are entitled to two-thirds.

The sole question presented is the construction of said item 3 of the will, which is as follows:

"After the death of my mother, I will and bequeath the plantation above mentioned to my nephews, John D. and Clem Jowers, to be equally divided between them. In case they or either of them die without issue, it is my will that the property herein bequeathed shall go to the heirs of Archibald and Gilbert Patterson, and to the surviving brother, John D. or Clem Jowers, as the case may be, to be equally divided between them."

John D. and Clem Jowers were nephews of the testator, being children of a deceased sister. Archibald Patterson was a deceased brother of the

testator, and left surviving six children. Gilbert Patterson was the husband of Margaret Patterson, a deceased sister of the testator, and left surviving six children. The Jowers boys and all the Patterson children were minors at the time of the execution of the will and the death of the testator. The plaintiffs are the children now living of Archibald and Gilbert Patterson. The defendants are the purchasers from Clem Jowers.

The will must be construed, "taking it by its four corners" and according to the intent of the testator as we conceive it to be upon the face thereof and according to the circumstances attendant. We can derive but little help from adjudicated cases upon facts more or less different from those in this case, for hardly ever can the facts and the language be identical in any two cases. In the construction of a will, therefore, "Every tub stands upon its own bottom," except as to the meaning of words and phrases of a settled legal purport. The object is to arrive at, if possible, the intention and meaning of the testator as expressed in the language used by him.

It is not denied that the intent of the testator as to the property embraced in this item was that John D. and Clem Jowers were the primary beneficiaries, the property to be equally divided between them. It seems to us that in the additional language, "In case they or either of them die without issue, that the property herein bequeathed shall go to the heirs of Archibald and Gilbert Patterson, and to the surviving·brother, John D. or Clem Jowers, as the case may be, to be equally divided between them," he did not intend in any way to reduce the one-half given to either of his nephews, if the other should die, but that his intention was to dispose of the half which belonged to the deceased nephew, or if both of them die without issue, then to dispose of the whole of it to the persons intended as secondary beneficiaries. With that view he gave the "property herein bequeathed," i. e., the share which would have gone to the deceased beneficiary or beneficiaries, to be divided between the heirs of Archibald Patterson and the heirs of Gilbert Patterson and surviving nephew if there were such, as secondary beneficiaries.

One of the nephews having died without issue, the "property herein bequeathed" to him, i. e., one-half, was to be divided equally between the heirs of Archibald Patterson and Gilbert Patterson and the nephew. This would give to Clem Jowers, or to the defendants as purchasers of his interest, two-thirds of the plantation and to the other heirs one-third, as his Honor held.

The defendants, however, contend that their share was three-fourths because the heirs of Archibald and Gilbert Patterson should be treated as one, and therefore the intention of the testator was that they should

have one-half of the share which would have gone to John D. Jowers, or his issue if he had any, and the other half would have gone to Clem Jowers. We cannot sustain this view. The intention of the testator was that the dividend of John D. Jowers should be equally divided between them, meaning one-third of the John D. Jowers share to the heirs of Archibald Patterson, one-third to the heirs of Gilbert Patterson, and one-third to the surviving brother, Clem Jowers. Indeed, this argument would be self-destructive to the defendants for, as Mr. Cansler pointed out, if the heirs of Archibald Patterson and of Gilbert Patterson were to be treated as one, then there would be ground to hold that the phrase, "The property herein bequeathed," embraced the entire property of which the plaintiffs, treated as one class, would receive one-half and Clem Jowers the other half, and this would destroy the very strong consideration that the testator did not mean to penalize the surviving nephew on the death of his brother by reducing his half to one-third.

A great many decisions might be quoted, as already said, of cases upon facts more or less similar to those in this case, and the opinion might easily be drawn out to a length almost without limit. A great deal of learning might be displayed by a diligent citation of authorities, but it is not reasonable to suppose that the deceased was acquainted with them, or had any reference thereto, in the language used by him, and we should after all come back to the meaning of the language used by the testator in this will. Taken in its ordinary meaning, and construed in connection with the circumstances surrounding the testator at the time of the execution of the will, we think that the construction placed by the court below upon the clause in question was the reasonable, natural, and proper construction, and the judgment is

Affirmed.

HOKE, J. In my opinion, and as affecting the interests of the parties to the record, the devise in this case is to the testator's two nephews, John D. and Clem Jowers, to be equally divided between them, and on the death of either or both of them, the property, that is, the entire property goes over and is governed by the second limitation. John D. Jowers having died without issue, the property under the second limitation should go the one half to the heirs of Archibald and Gilbert Patterson and the other half to the surviving brother, Clem, to have and to hold same in absolute ownership. I do not think that the interpretation giving the words "property herein bequeathed," and in the same sentence, one meaning if one of the brothers should die without issue, and another meaning if both should die, can be sustained; nor do I think that the testator could have intended to cut down the estate of either of the surviving brothers on the death of one of them without issue, but his intent and purpose was, as stated, if one of the first takers should

die without issue the interest of the dead brother should go to the heirs of these two Pattersons, and the surviving brother should retain his half in absolute ownership.