W. MARVIN MANGUM, W. WATTS MANGUM, Y. PROCTOR MANGUM, ROSA A. PICKETT, BESSIE MANGUM AND INEZ MANGUM v. DURHAM LOAN AND TRUST COMPANY, A CORPORATION.

(Filed 11 April, 1928.)

**1. Wills—General Rules of Construction—Intent of Testator.**

In construing a will the intent of the testator will be enforced as gathered from the related parts of the entire instrument.

**2. Same—Presumption Against Intestacy.**

In construing a will there is a strong legal presumption against intestacy.

**3. Same—Nature of Estates and Interests Created.**

Where the testatrix has provided in her will for the conversion of her real estate into cash, and in a residuary clause provides that the money shall be divided by the trustee named into four equal parts, one part to each of her two sisters, naming them, and if either of them be not living at the time of the testatrix's death then to the heirs at law of the deceased sister *per stirpes*, one part to her brother-in-law in fee, and one part to her brother, to be held by her executor in trust to invest and pay over to him the net proceeds "during his lifetime, and at his death to distribute the proceeds to his children who may be living at that time": *Held,* the children of the brother living at the time of his death take the *corpus* of the fund *per stirpes*.

**4. Same.**

A devise of lands will be construed in favor of the early vesting of the title when this can reasonably be done.

APPEAL by defendant from *Bond, J.,* at January Term, 1928, of DURHAM. Affirmed.

The 20th paragraph of the will of Rebecca Ella Mangum, is as follows: "I hereby give and devise all the rest and residue of my property of every kind whatsoever, both real and personal, to my executor, in trust nevertheless, to dispose of the same at public auction or private sale, and convert the proceeds into cash and pay all of my debts, and provide for the expense of settling my estate, payment of legacies, creation of trust funds of every kind hereinbefore mentioned. After all of said provisions have been properly made, I hereby instruct and empower my said executor to divide the balance of cash then remaining into four equal parts; one of such equal parts I direct my executor to pay over to my said sister, Melissa L. Proctor, and, if she be not living at the time of my decease, to her heirs at law *per stirpes* and not per capita. One of such equal parts I direct my executor to pay over to my said sister, Elizabeth J. Umstead, and if she be not living at the time of my decease, to her heirs at law, *per stirpes* and not per capita. One of such equal parts I direct my executor to pay over to my brother-in-law,

John R. Proctor, who has for years attended to my affairs for me without charge. *The remaining equal part I hereby direct and empower my said executor to hold in trust to invest and pay over the net proceeds from such trust fund to my brother Bart Mangum, during his lifetime, and at the decease of my said brother, Bart Mangum, I hereby direct and empower my said executor to distribute the proceeds of said trust fund to the children of my said brother, Bart Mangum, who may be living at the time of his death, share and share alike."*

Rebecca Ella Mangum is dead and her will and codicils were duly probated in the office of the clerk of the Superior Court of Durham County on 28 July, 1919, and are recorded in said office in Book of Wills No. 3, p. 104. The Durham Land & Trust Company, the executor and trustee named in the will duly qualified and is acting as such. As executor of the estate of the said Rebecca Ella Mangum under said will, the Durham Loan & Trust Company has settled the estate; all of the debts, legacies, etc., therein mentioned have been paid; a final account of the settlement of said estate was filed by the Durham Loan & Trust Company in the office of the clerk of the Superior Court of Durham County on 26 January, 1922, and recorded in Book of Settlements No. 4, at page 568; according to the said final account filed by the Durham Loan & Trust Company, executor, the sum of $11,517.61 was paid to the Durham Loan & Trust Company as trustee for Bart Mangum, as provided for in the 20th paragraph of said will. That from the date of the filing of the final account until about 1 November, 1927, the income from said trust fund was paid by the said Durham Loan & Trust Company, trustee, to Bart Mangum. That on 3 November, 1927, the said Bart Mangum died, leaving at the time of his death the plaintiffs in this action as his only children.

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, W. M. Bond, judge presiding, and Wm. B. Umstead, counsel for plaintiffs, and F. L. Fuller, Jr., counsel for the defendant, being present, the court finds the following facts: That it was the intention of the testatrix, Rebecca Ella Mangum, in her will as set forth in the complaint in this cause that the principal of the trust fund created in paragraph 20 of the said will for the benefit of her brother, Bart Mangum, during his lifetime be paid over share and share alike to the children of the said Bart Mangum living at the time of his death. Wherefore, it is considered, ordered and adjudged: (1) That the plaintiffs recover of the defendant the sum of $11,517.61, with interest thereon from 3 November, 1927, until paid, and that the said amount be distributed to the plaintiffs in this cause share and share alike. (2) That the cost of this action to be taxed by the clerk, be paid out of the amount of this judgment."

*William B. Umstead for plaintiffs.*
*Fuller, Reade & Fuller for defendant.*

CLARKSON, J. The plaintiffs contend that upon the death of Bart Mangum the principal, or *corpus,* of the fund should be turned over to his children, the plaintiffs, who were living at his death, "share and share alike." On the other hand, the defendant contends that it should pay over to the children of Bart Mangum, share and share alike, not the principal, or *corpus,* of the fund, but the proceeds of said fund, or, in other words, the income thereof. We think the contention of plaintiffs correct. The primary purpose of construing a will is to ascertain and give effect to the intention of the maker. The intention of the maker must be ascertained from the whole instrument. *Patterson v. Mc-Cormick,* 181 N. C., 311; *Pilley v. Sullivan,* 182 N. C., 493; *Walker v. Trollinger,* 192 N. C., 744; *Williams v. Best, ante,* 324; *Brown v. Brown, ante,* 315. The trust fund in controversy was created from the residuary part of the estate of Rebecca Ella Mangum.

"When a will is executed the reasonable and natural presumption is the testator intends to dispose of his entire estate. There is no presumption of an intention to die intestate as to any part of his estate when the words used by the testator will clearly carry the whole. Therefore, in the construction of doubtful clauses in a will, that interpretation is to be adopted if possible which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of his property. The presumption against an intestacy is particularly strong where the subject of the gift is the residuary estate. An intestacy is a *dernier ressort* in the construction of wills, and it has been said that the abhorrence of courts to intestacy under a will may be likened to the abhorrence of nature to a vacuum." 28 R. C. L., sec. 189, at pp. 227-8. See *Powell v. Wood,* 149 N. C., p. 235; *Austin v. Austin,* 160 N. C., 367; *Kidder v. Bailey,* 187 N. C., 505.

It will be noted by reference to paragraph 20 of said will that the testatrix gave to each of her two sisters a fund equal to that created for the benefit of her brother, Bart Mangum. Further, that said paragraph provides that in the event that either of her sisters were not living at the time of her death, then that such share should go to the said sisters' heirs at law. This would tend to show that it was the intention of the testatrix that the trust fund created for the benefit of her brother, Bart Mangum, should at the time of his death be paid over to the children of her said brother in like manner as was provided therein for the children of her two sisters. No further disposition of said trust fund was made by the testatrix other than to the children of the said Bart

Mangum. This would further indicate that the testatrix intended that the children of Bart Mangum should receive the said fund at the death of the said Bart Mangum. If any other view is taken, then at some time in the future a part of the estate of the said Rebecca Ella Mangum would become intestate.

The word *proceeds* is one of equivocal import. In the interesting decision of *Mr. Justice Bradley* in *Phelp v. Harris,* 101 U. S., 370, 25 L. Ed., 855, speaking of *proceeds,* he says: "This is also a word of great generality." *Halliburton v. Phifer,* 185 N. C., 366. See *Benevolent Society v. Orrell, ante,* 405.

"Under our form of government the law favors the early vesting of estates to the end that property may be kept in the channels of trade and commerce." *Walker v. Trollinger,* 192 N. C., p. 744.

"In the interpretation of a will the dominant or primary intention, gathered from the whole thereof and all its provisions, must be allowed to control, and a particular and minor intent is never permitted to frustrate a general and ulterior object of paramount consideration. Accordingly in interpreting wills favor will be accorded to those beneficiaries who appear to be the special objects of the testator's bounty." 28 R. C. L., part sec. 179, at page 219.

The two sisters, the brother-in-law and Bart Mangum and the children of her sisters and brother were special objects of her bounty.

It will be noted again, that under paragraph 20 of the will, the testatrix divided the rest and residue of her estate into four equal parts. The two sisters' parts are given to them absolutely, if they be living at her death; if not, to their heirs at law *per stirpes.* One part to her brother-in-law absolutely. No doubt, for some good reason, her brother's part was to be held in trust and the net proceeds paid over to him during his lifetime, with the idea, perhaps, that it would meet his needs. *Then distribute the proceeds of said trust fund* to the children of her brother living at the time of his death, share and share alike. We are forced to the conclusion that the *corpus* is meant.

We think that the intention of the testator was to create a trust fund for the benefit of her brother during his lifetime, and at his death the *corpus,* or principal, should be distributed, share and share alike, to the children of her brother living at his death. The judgment of the court below is

Affirmed.