BARNHILL, J., dissenting.
SCHENCK, J., concurs in dissent.
This is a civil action brought by plaintiff under the North Carolina Uniform Declaratory Judgment Act for a construction of the will of G. P. Edwards, deceased.
G. P. Edwards died leaving a last will and testament, probated and recorded in the office of the clerk of the Superior Court of Guilford County, in Will Book J, page 292, as follows: "It is my will that my funeral shall be conducted without ostentation, and the expenses thereof together with all my just debts be fully paid. I give, devise and bequeath to my beloved wife, Fanny Edwards, in lieu of her dower my two lots on corner of North Elm Street and Carolina Ave., Nos. ........., I give and devise to my daughter, Emma Edwards, all my personal property. It is my will that at Fanny Edwards' death that all of her property be sold and the proceeds to be divided between Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Florence Huffines and Laney Cockman, heirs. Emma Edwards with all personal property. Fred G. Edwards to share in the proceeds one five dollars. G. P. Edwards. (Witnesses) J. E. Smith, J. L. Jones, H. B. Ritter." Proved and probated: 23 August, 1924.
The above will was properly before the court for a construction thereof, and no question of service of process is raised by this appeal; and all interested persons were made parties to the action.
No other evidence was offered by the plaintiff or the defendant, there being nothing but a question of law to decide. After conclusion of argument of counsel for both parties, plaintiff tendered judgment in his favor as set out in the record. The court declined to render judgment for the plaintiff. Judgment was rendered for the named defendants, as set out in the record, as follows:
"This cause coming on to be heard and being heard before the undersigned judge, presiding over Guilford Superior Court, 10 September, 1937, for a construction of the will of G. P. Edwards, deceased, and a declaration of rights thereunder; and, after argument of counsel for plaintiff and defendants, the court being of the opinion that the testator, *Page 583 
G. P. Edwards, devised a life estate to Fanny Edwards in the two lots on the corner of North Elm Street and Carolina Avenue; and that the remainder in said lots was vested in the following persons: Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Lawrence Huffines and the heirs of Laney Cockman upon the death of the said Fanny Edwards.
"Now, therefore, it is ordered, adjudged and decreed that Fanny Edwards was devised a life estate in the two lots on the corner of North Elm Street and Carolina Avenue by the terms of the will of G. P. Edwards, deceased, as the same is recorded and probated in the office of the clerk of the Superior Court of Guilford County in Will Book J, page 293; and that the remainder in the said lots was vested in Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Florence Huffines and the heirs of Laney Cockman upon the death of Fanny Edwards.
"It is further ordered, adjudged and decreed that the rents heretofore collected and now held by S. F. Huffines, administrator c. t. a. of the estate of G. P. Edwards since the death of Fanny Edwards be paid in perstirpes shares to the heirs of G. P. Edwards as set forth in the preceding paragraph of this order or their heirs or personal representatives.
"It is further ordered, adjudged and decreed that the cost of this action be taxed against the plaintiff and that the defendants and each of them go without day.
This 21 September, 1937.
 WM. F. HARDING, Judge Presiding."
The plaintiff excepted, assigned error and appealed to the Supreme Court on the ground: "(1) To the action of the court in failing to render judgment for the plaintiff as tendered; (2) to the action of the court in rendering judgment for the defendant, as appears of record."
This case presents but one question: Did the testator, G. P. Edwards, by his will, intend to convey a fee simple estate in his land to his second wife, Fanny Edwards, or did he intend to convey only a life estate?
The setting: (Admitted on argument and brief.) G. P. Edwards by his first wife had certain children, named in the latter part of his will. By his second wife, Fanny Edwards, he had a daughter, Emma Edwards. There is no question about his personal property — he left it all to his daughter, Emma Edwards. *Page 584 
N.C. Code, 1935 (Michie), section 4162, is as follows: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."
The uniform holdings since the passage of this section has been that an unrestricted devise of real estate passes in fee.
In McIver v. McKinney, 184 N.C. 393 (396), citing numerous authorities, it is said: "Nevertheless, it is generally conceded that in the construction of a will the cardinal purpose is to ascertain and give effect to the intention of the testator — not the intention that may have existed in his mind, if at variance with the obvious meaning of the words used, but that which is expressed by the language he has employed. The question is not what the testator intended to express but what he actually expressed in his will, when all its provisions are considered and construed in their entirety."
In Mangum v. Trust Co., 195 N.C. 469 (471), it is said: "The primary purpose of construing a will is to ascertain and give effect to the intention of the maker. The intention of the maker must be ascertained from the whole instrument."
We think the language of the present will comes within the exception of section 4162, supra, which reads as follows: "Unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."
Taking the setting of the parties and construing the will as a whole, we think the widow was devised a life estate in the two lots and that the remainder was vested in Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Florence Huffines and the heirs of Laney Cockman upon the death of Fanny Edwards.
The principle set forth in the case of Hampton v. West, 212 N.C. 315, is similar to that in the present action.
For the reasons given, the judgment of the court below is
Affirmed.