EMMA COFFIELD, ESSIE COFFIELD AND HUSBAND, CHARLIE COFFIELD, v. NOAH PEELE AND WIFE, LIZZIE PEELE, MATTIE RUFFIN, EDWARD S. PEELE AND WIFE, FARROW PEELE, LIZZIE RUFFIN AND HUSBAND, ROOSEVELT RUFFIN, ROOSEVELT PEELE AND WIFE, LOU EMMA PEELE, EDWARD S. PEELE, EXECUTOR OF THE EDWARD PEELE ESTATE, HENRY PEELE AND WIFE, CARRIE MAE PEELE, VIOLA HUDGINS AND HUSBAND, (BUCK) WILLIE HUDGINS, JULIANA WHITE AND HUSBAND, JOSEPH WHITE, MAMIE BARNES AND HUSBAND, ERNEST BARNES, L. B. PEELE AND WIFE, LOUVENIA PEELE, PERCY PEELE AND WIFE, ISOLENE PEELE, HENRY PEELE AND WIFE, LOUISE PEELE, LOUISE WHITE AND HUSBAND, AVINE WHITE, MAGGIE TAYLOR AND HUSBAND, SHELBY TAYLOR, LEALER BARCLIFT AND HUSBAND, CURTIS BARCLIFT, O'NEAL FIELDS AND HUSBAND, ROSCOE FIELDS, FLOYD EUGENE PEELE AND WIFE, LORAINNE PEELE, EDWARD S. PEELE, JR., HOWARD EARL PEEL, ELVER LOIS PEELE, LOSSIE MAE PEELE, JULIUS M. PEELE, JAMES S. PEELE, BERNICE (BONNIE) PEELE, LEARMA PEELE, HERBERT PEELE AND WIFE, VONZELIA PEELE, FANNIE MAE SMITH AND HUSBAND, WILLIE A. SMITH, ROOSEVELT RUFFIN, JR., AND WIFE, BLANCHE RUFFIN, MARTHA THOMPSON AND HUSBAND, WILLIE THOMPSON, ESTHER RUFFIN, ETHEL RUFFIN, WILLIAM RUFFIN AND WIFE, MARGARET RUFFIN, VIVIAN LOU POWELL AND HUSBAND, PAUL POWELL, CHRISTOPHER RUFFIN AND WIFE, MRS. CHRISTOPHER RUFFIN, MARIE RUFFIN, JAN RUFFIN, JOHN RUFFIN, JAMES RUFFIN, HAROLD RUFFIN, JAMES EARL PEELE AND WIFE, MINNIE ASKEW PEELE, WILBERT LEE PEELE, ROBERT PEELE, AGNES BARFIELD, NOLA HAYES COFFIELD, CLARENCE COFFIELD AND WIFE, RETHA MAE COFFIELD, WILLIE BEATRICE COFFIELD, JOHN D. COFFIELD, ESSIE V. COFFIELD, ALICE COFFIELD, AND H. O. PEELE, GUARDIAN AD LITEM.

(Filed 9 October, 1957.)

**1. Wills § 31—**

While recognized rules of construction and canons of interpretation are a guide in the construction of a will, each will must be largely construed by itself and its words interpreted in accordance with the circumstances and contexts of their use.

**2. Same—**

The primary rule in the construction of a will is to ascertain the intent of testator as expressed in the whole instrument.

**3. Same—**

Apparently conflicting provisions in a will should be reconciled if possible and effect be given to all its words, but where its provisions are inconsistent, the primary intent will control that which is secondary.

**4. Wills § 34b—**

The will in question devised and bequeathed to testator's seven children, naming them, all testator's real and personal property, and immediately thereafter used the words, "to be equally divided among the seven children

of mine, and their children." *Held:* The dispositive clause of the will is to testator's seven named children alone, and the repugnant provision for distribution equally among testator's children and grandchildren must yield to the primary intent expressed in the instrument that the property should go to the children alone.

**5. Same—**

In the absence of a manifest intention to the contrary, a will is to be construed in favor of beneficiaries appearing to be the natural or special objects of the testator's bounty.

APPEAL by Herbert O. Peele, Guardian *ad litem* of the minor respondents, from *Bone, J.,* June Term 1957 of MARTIN.

Special proceeding before the Clerk of the Superior Court of Martin County for a partition sale of real property situate in Martin County.

Edward Peele died testate on 20 December 1955. His last will and testament executed by him on Christmas Day 1950 was probated on 29 December 1955, and is recorded in Will Book 9, page 21, in the office of the Clerk of Court for Martin County.

The decision in this proceeding depends upon the construction of Item 2 in his brief will of three Items. Item 1 provides for the payment of his debts and funeral expenses. Item 2 is as follows: "After the payment of such funeral expenses and debts—I give, devise and bequeath unto my seven children, namely: Noah Peele: Mattie Ruffin: Edward S. Peele: Essie Coffield: Lizzie Ruffin: Emma Coffield and Roosevelt Peele—All of my real and personally (*sic*) property, to be divided equally among the seven children of mine, and their children." Item 3 appoints his son Edward S. Peele executor, and revokes all former wills.

The *feme* petitioners are daughters of Edward Peele. They made as respondents the other five children of Edward Peele, the spouses of those married, and Edward S. Peele as executor. The petition, so far as relevant on this appeal, in substance alleges that the petitioners and respondents are tenants in common and seized in fee simple of two described tracts of land in Martin County, that the seven children of Edward Peele named in Item 2 of his will are each the owner of a one-seventh undivided interest in the two tracts of land, and then follows the usual allegations for a partition sale.

The respondents Lizzie Ruffin and husband, and Mattie Ruffin filed an answer in which they admit they own an interest in the real property described in the petition, the size of which they do not know, and assert that under Edward Peele's will there is a possibility that their children own an interest in the real property, and request that they be made parties.

The answer of the respondents Roosevelt Peele and wife and Noah Peele and wife is in substance similar to the answer of the Ruffin respondents.

The answer of the respondents Edward S. Peele, individually and as executor, and of his wife is in substance this: They admit that the respondents own an interest in the real property, but deny that the testator's children own each a one-seventh undivided interest. They request an actual partition. Further answering the petition they allege that under Item 2 of the will the children of the respondents own in equal shares with the respondents the real property, and that they are necessary parties to the proceeding.

The proceeding was transferred to the Civil Issue Docket. At the April Term 1957 of the Superior Court of Martin County Judge Bone entered an order making the children of Edward Peele's children enumerated in Item 2 of his will, and their spouses, parties defendant: they number 65.

On 24 April 1957 the Clerk of the Superior Court of Martin County appointed H. O. Peele Guardian *ad litem* for the 17 infants, who had been made parties defendant by Judge Bone's order. Upon petition of the Guardian *ad litem*, the Clerk on 30 April 1957 appointed Messrs. Critcher and Gurganus as attorneys to represent him.

The Guardian *ad litem* filed an answer in essence this: That under Item 2 of the will the children of Edward Peele's seven children named in that Item own an equal interest in the real property with the seven children of Edward Peele.

The 48 adults made parties defendant by Judge Bone, and served with process, filed no answers.

At the trial petitioners offered evidence—the respondents none. This is a summary of the evidence: Edward Peele's will was introduced in evidence. Edward Peele died on 20 December 1955. He had seven children, who are named in Item 2 of his will, and all are living. His son Noah has 4 children, his daughter Mattie Ruffin has 3 children, his son Edward S. Peele has 12 children, his daughter Essie Coffield has 3 children, his daughter Lizzie Ruffin has 12 children, his daughter Emma Coffield has 7 children, his son Roosevelt has 3 children, and all of these 44 grandchildren of Edward Peele were living at the time of his death, and are still living. No grandchild has been born since his death. Edward Peele at his death owned two farms, one of 214 acres and one of 37 acres.

The following Issue was submitted to the jury: "1. Are the petitioners Emma Coffield and Essie Coffield, and the respondents, Noah Peele, Mattie Ruffin, Edward S. Peele, Lizzie Ruffin, and Roosevelt Peele, owners in fee simple as tenants-in-common of the two tracts of

land described in the petition in the proportion of one-seventh each, as alleged in the petition?"

The judge instructed the jury as follows:

"If you believe the evidence and find the facts to be as all the evidence tends to show, I instruct you that it would be your duty to answer the issue, 'Yes.' If you do not believe the evidence or do not find the facts to be as all the evidence tends to show, then you would answer it, 'No.' "

The jury answered the Issue, Yes.

Judgment was entered adjudging that the seven children of Edward Peele named in Item 2 of his will own the real property described in the petition in fee simple as tenants in common in the proportion of one-seventh each, and remanding the proceeding to the Clerk of the Superior Court on the question as to whether the real property should be actually partitioned or sold for partition.

The Guardian *ad litem* for the 17 infant respondents appealed *in forma pauperis* to the Supreme Court.

*Charles H. Manning, H. M. Martin, Peel & Peel and Clarence W. Griffin for Petitioners, Appellees.*

*Critcher & Gurganus for Herbert O. Peele, Guardian ad litem for Minor Respondents, Appellants.*

PARKER, J. This appeal presents for decision the construction of Item 2 of the Will of Edward Peele.

Every will, in a sense, is unique. The same words, or those nearly similar, used under different circumstances and contexts may express different intentions, and for that reason decisions in previous cases are rarely helpful, except as they state the application of certain rules of construction, or certain broad canons of interpretation, which have become so thoroughly established by judicial pronouncement that they may be said to have passed into the definite law upon the subject. Every will is so much a thing of itself, and, generally, so unlike other wills, that it must be construed by itself as containing its own law. *Morris v. Morris, ante,* 314, 98 S.E. 2d 298; *Patterson v. McCormick,* 181 N.C. 311, 107 S.E. 12. *Mr. Justice Holmes* said in *Towne v. Eisner,* 245 U.S. 418, 62 L. Ed. 372: "A word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

The first and great rule in the construction of wills is to ascertain the intent of the testator as expressed in the whole will, attributing due

weight to all its words, and then to give effect to that intent, provided it be consistent with the rules of law, or not at variance with public policy. Such an instrument is the legal declaration of a man's intentions, which he wills to be performed after his death. *Morris v. Morris, supra; Trust Co. v. Wolfe,* 245 N.C. 535, 96 S.E. 2d 690; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578; *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888.

Apparently conflicting provisions should be reconciled, and effect given to all the words of the will, where possible. *Morris v. Morris, supra; Trust Co. v. Wolfe, supra; Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777; *Edens v. Williams,* 7 N.C. 27. *Denny, J.,* said for the Court in *Coppedge v. Coppedge, supra:* "But, where provisions are inconsistent, it is a general rule in the interpretation of wills, to recognize the general prevailing purpose of the testator and to subordinate the inconsistent provisions found in it."

*Marshall, C. J.,* said on the same subject in *Smith v. Bell,* 6 Pet. 68, 8 L. Ed. 322: "It is stated in many cases that where there are two intents inconsistent with each other, that which is primary will control that which is secondary."

The words in Item 2 of the Will "I give, devise and bequeath unto my seven children, namely: Noah Peele: Mattie Ruffin: Edward S. Peele: Essie Coffield: Lizzie Ruffin: Emma Coffield and Roosevelt Peele—All of my real and personally (*sic*) property," standing alone, constitute a clear devise of the real property in fee simple to the testator's seven children. G.S. 31-38; *Buckner v. Hawkins,* 230 N.C. 99, 52 S.E. 2d 16; *Elder v. Johnston,* 227 N.C. 592, 42 S.E. 2d 904; *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626. Certainly, no parts of the will, nor any words of it, show that the testator intended to convey an estate of less dignity.

The testator after an unequivocal devise of his real property in fee simple to his seven named children, immediately thereafter used the words, "to be equally divided among the seven children of mine, and their children." The dispositive clause of the will is to testator's seven named children alone. The general expression for equal division among testator's children, and their children, contains no words like give, lend, devise, etc., and is not in as strong terms as the words giving the estate in fee simple to his children. The provisions are repugnant. If testator's seven children were devised his realty in fee simple, they own a one-seventh interest therein each. If testator's seven children, and their children, were devised his realty in fee simple, the share therein of his seven children is far less. The evidence shows that at the time of testator's death, his children had forty-four children living. If appellants' contention as to the construction of the Will were correct, Edward

Peele's seven children own a one-fifty-first interest each in the real property, and their forty-four children, the grandchildren of Edward Peele, own a one-fifty-first interest each in the realty, which would result in the grandchildren of the testator owning a much larger share than the children of the testator.

A man's widow and his children are the primary objects of his bounty. *In re Crozer's Estate,* 336 Pa. 266, 9 A. 2d 535. In the absence of a manifest intention to the contrary, a will is to be construed in favor of beneficiaries appearing to be the natural or special objects of the testator's bounty. *Mangum v. Trust Co.,* 195 N.C. 469, 142 S.E. 711; 95 C.J.S., Wills, p. 845.

Considering Item 2 of Edward Peele's Will, and all the words thereof, it is our opinion that the primary intent of the testator is shown by his clear and decisive words devising his real property to his seven children alone, whose names are stated in the Will, and who are the natural objects of his bounty rather than his grandchildren, and that such primary intent controls the inconsistent provisions for a division of his realty between his children, and their children.

We, therefore, agree with the Trial Court that under the Will of Edward Peele his seven named children took a fee simple to his real property as tenants in common in the proportion of one-seventh each.

No error.