GRACE O. HARROFF, EXECUTRIX UNDER THE WILL OF FRED F. HARROFF, DECEASED v. DON F. HARROFF, ROBERT A. HARROFF, WACHO-VIA BANK & TRUST COMPANY, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF FRED F. HARROFF, DECEASED, AND DEVERE C. LENTZ, JR., GUARDIAN AD LITEM.

(Filed 26 February, 1958.)

1. **Wills § 31—**

    In the construction of a will, the intent of the testator as gathered from the four corners of the instrument should be given effect unless contrary to some rule of law or at variance with public policy.

2. **Wills § 34e—Under terms of this will, trusts should be set up in residuary estate unaffected by specific bequests or nonprobate property.**

    The will in suit, after specific bequests to testator's widow, provided for the division of the residue of the estate of every kind and nature into two parts, one to include assets of a value of one-half of the "estate," to be held in trust for the widow, and the balance in trust for testator's sons, with further provision that all inheritance taxes be paid from funds of the second trust. The widow received property of substantial value from insurance, testator's pension fund and real estate held by the entireties. *Held:* The estate to be divided into the trust funds is the probate estate remaining after the payment of the specific bequests, without taking into consideration the nonprobate property passing to the widow by contract or by operation of law, but the second trust fund should be charged with all State and Federal inheritance taxes on the gross estate.

APPEAL by petitioner and defendants Don F. Harroff and Robert A. Harroff from *Nettles, J.,* at Chambers in Asheville, North Carolina, 11 January 1958. From BUNCOMBE.

Fred F. Harroff, a resident of Buncombe County, North Carolina, died on 27 March 1955, leaving a last will and testament wherein he appointed his wife, Grace O. Harroff, executrix of his will, and the Wachovia Bank and Trust Company trustee of all the property and assets allocated to Trust A and Trust B, pursuant to the provisions of said will.

HARROFF *v.* HARROFF.

This proceeding was instituted by the excutrix in her official capacity to obtain the advice and instruction of the court with respect to the following: (1) Does the word "estate" as used in the second sentence of Item IV of the will of Fred F. Harroff mean "probate estate," as held by the Superior Court; or (2) "residuary estate"; or (3) does it mean "gross estate," including property that passed under Item II of the will, as well as the property that passed to the petitioner under contract and by operation of law?

The parts of the last will and testament of Fred F. Harroff, deceased, essential to an interpretation of the question posed, read as follows:

"ITEM 1. I direct my Executrix hereinafter named, to pay all of the debts of my estate out of the first moneys thereof coming into her hands, but in this connection, I direct that all estate, succession or inheritance taxes assessable against my estate or against any property taxable in connection therewith, or against the interest of any beneficiary of this will be paid out of my residuary estate and charged to Trust "B" as hereinafter provided, without any right or duty on my Executrix to seek or obtain contributions or reimbursement from any person or property.

"ITEM II. I give, and bequeath to my wife, Grace O. Harroff, if living at the time of my death, all of the furniture, furnishings, fixtures, and equipment contained in our residence in Asheville, North Carolina, or used in connection therewith; also all of my tangible personal effects, such as clothing, jewelry, and the like, and any automobiles that I may own at the time of my death. * * *

"ITEM IV. All of the rest and residue of my estate, of every kind and nature and wherever situated, I direct my Executrix to divide into two parts, to be known as 'Trust A' and 'Trust B.' Trust A shall include assets of a value of one-half of my estate undiminished by estate and inheritance taxes paid or to be paid, or by reason of property passing to my wife, or which has passed to my wife under other provisions of this will or otherwise than by the terms of this will. All property not passing to my wife under the foregoing shall be designated as Trust B."

Item V of the will places the assets of Trust A in a trust with Wachovia Bank and Trust Company as trustee, which item further provides that in addition to paying the income from the trust to the testator's wife for life, the trustee shall also pay to the wife such sums from the principal as she may request. In addition thereto she is given the right to dispose of the re-

mainder in the trust at the time of her death by her last will and testament.

Item VI establishes a trust with regard to the assets designated as Trust B for the benefit of the testator's two sons, Don F. Harroff and Robert A. Harroff (stepsons of the petitioner), share and share alike.

DeVere C. Lentz, Jr., was duly appointed guardian *ad litem* for persons not in *esse*, who might have an interest in the assets of Trust B in the event of the death of Don F. Harroff or Robert A. Harroff, defendants, during the existence of Trust B, established by the terms of the last will and testament of the deceased. Answer was filed in behalf of Don F. Harroff and Robert A. Harroff, and the guardian *ad litem.*

There is no controversy between the parties as to the facts involved, such facts being as set forth in the petition and admitted in the answer, and the court below so found.

The executrix has completed the administration of the estate of the deceased, has paid all the indebtedness thereof and all costs of administration, as well as the Federal estate and North Carolina inheritance taxes due in connection with the administration of the estate, and has delivered to herself individually the tangible personal property specifically bequeathed to her by Item II of the will of the decedent. The petitioner, as widow of the said Fred F. Harroff, has received, by contract and by right of survivorship, property of substantial value which is not subject to administration and did not pass under his will, but which constitutes a part of his gross estate as that term is defined by the Revenue laws of the United States and the State of North Carolina for estate and inheritance tax purposes.

The court below in its order advised, directed, and instructed the executrix that the several assets which passed to her as the wife of the deceased, following his death, otherwise than by the items of the will, are not to be included in the estate of the said Fred F. Harroff for the purpose of division of the assets as provided for in Item IV of his will.

The petitioner and the defendants Don F. Harroff and Robert A. Harroff appeal, assigning error.

*Wright and Shuford for petitioner appellant.*
*Adams & Adams for defendants Don F. Harroff and Robert A. Harroff appellants.*
*Adams & Adams for Don F. Harroff and Robert A. Harroff, and DeVere C. Lentz, Jr., guardian ad litem appellees.*

DENNY, J. The intent of a testator is to be ascertained, if possible, from a consideration of his will from its four corners,

and such intent should be given effect unless contrary to some rule of law or at variance with public policy. *Coffield v. Peele,* 246 N.C. 661, 100 S.E. 2d 45; *Trust Co. v. Taliaferro,* 246 N.C. 121, 97 S.E. 2d 776; *Mewborn v. Mewborn,* 239 N.C. 284, 79 S.E. 2d 398; *Gatling v. Gatling,* 239 N.C. 215, 79 S.E. 2d 466; *Trust Co. v. Whitfield,* 238 N.C. 69, 76 S.E. 2d 334; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

As stated by Parker, J., in *Coffield v. Peele, supra,* "Every will, in a sense, is unique. The same words, or those nearly similar, used under different circumstances and contexts may express different intentions, and for that reason decisions in previous cases are rarely helpful, except as they state the application of certain rules of construction, or certain broad canons of interpretation, which have become so thoroughly established by judicial pronouncement that they may be said to have passed into the definite law upon the subject."

In *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17, Stacy, C. J., speaking for the Court, said: "The intention of the testatrix is her will. This intention is to be gathered from the general purpose of the will and the significance of the various expressions, enlarged or restricted according to their real intent. In interpreting the different provisions of a will, the courts are not confined to the literal meaning of a single phrase. A thing within the intention is regarded within the will though not within the letter. A thing within the letter is not within the will if not also within the intention." *Hubbard v. Wiggins,* 240 N.C. 197, 81 S.E. 2d 630; *Efird v. Efird,* 234 N.C. 607, 68 S.E. 2d 279; *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777.

It is set forth in the record that life insurance in the sum of $90,000.00, benefits under the testator's General Electric Pension Plan in the sum of $11,640.76, and real estate held by the entireties valued at $23,500.00, or a total of $125,140.76 in property and cash, passed to the petitioner upon the death of the testator by contract or operation of law and not under the provisions of the will. It is further admitted that the tangible personal property bequeathed to the petitioner in Item II of the will had a value of $6,778.00.

The petitioner on her appeal contends that, under the provisions of Item IV of the will hereinabove set out, there should be added to the residuary estate the amount of Federal estate and North Carolina inheritance taxes which have been paid, all the property that passed to the petitioner by contract, operation of law, and under the provisions of Item II of the will of the decedent, and that she is entitled to a sum out of the residue of

the estate, free from estate and inheritance taxes, equal to one-half of the entire estate, including the residuary estate, personal effects, and the nonprobate assets. This would give the petitioner altogether approximately eighty-eight per cent of the entire estate of $490,879.69, or $377,358.61, and the two sons of the testator approximately six per cent each of the estate, after paying the Federal estate and North Carolina inheritance taxes out of Trust B as required by Item I of the will, or $29,562.44 each.

We do not concur in this view. The nonprobate estate and the tangible personal property that passed to the petitioner under Item II of the will constitute no part of the residuary estate. However, since Trust B is to bear the whole cost of Federal estate and North Carolina inheritance taxes, in order to ascertain the one-half of the residuary estate to be allocated to Trust A it is necessary to add to the value of the residuary estate the amount of the above taxes which have been paid in the sum of $54,396.20. All parties to this proceeding concur in this view with respect to such taxes.

Therefore, in our opinion, it was the intent and purpose of the testator to have his residuary estate divided into two equal parts, to be known as Trust A and Trust B, Trust A to include one-half of the residuary estate free from Federal estate and North Carolina inheritance taxes, and that the one-half of the residuary estate allocated to Trust A was not to be diminished by reason of bequests under the will or by reason of other property having passed to his wife by contract or operation of law and not under the will, and we so hold.

All parties concede that Trust B is to be charged with payment of all the Federal estate and North Carolina inheritance taxes on the adjusted gross estate as defined by Section 2056, Title 26, of the United States Code Annotated.

We concur in the ruling of the Superior Court insofar as it instructed the petitioner that the nonprobate assets are not to be included in the estate for the purpose of the division of assets required by Item IV of the will. We hold, however, that the division of assets under Item IV of the will apply only to a division of the residuary estate and that it was error to authorize the inclusion of the value of the tangible personal property received by the petitioner under Item II of the will as a part of such estate. To this extent the judgment of the Superior Court is modified, and, as so modified, it is affirmed.

Let the costs be paid by the executrix out of the residuary estate before division.

Modified and affirmed.