IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-129

No. COA21-51

Filed 1 March 2022

New Hanover County, No. 19 CVS 4192

ANDREA PARKS, JUSTIN MAGESTRO, DION MAGESTRO, and LEAH MAGESTRO, Plaintiffs,

v.

PEGGY L. JOHNSON and LEAH MAGESTRO, in her capacity as Administrator CTA of the Estate of Frank Nino Magestro, Defendants.

Appeal by Plaintiffs from judgment entered 14 July 2020 by Judge J. Stanley Carmical in New Hanover County Superior Court. Heard in the Court of Appeals 19 October 2021.

*McGuire, Wood & Bissette, P.A., by Mary E. Euler & Joseph P. McGuire, for Plaintiffs-Appellants.*

*Coastal Legal Counsel, by A. David Ervin, and Graves May, PLLC, by Rick E. Graves, for Defendant-Appellee Peggy L. Johnson.*

INMAN, Judge.

This appeal arises out of a dispute between a decedent's siblings and the sister of his former spouse about who should inherit his estate under his will. Resolving this question requires us to consider the interplay between the language of the will and relevant statutory and common law. Applying esoteric principles of interpretation to these facts leads us to a straightforward conclusion: the testator's

express intent must prevail.

Plaintiffs-Appellants, the decedent's siblings, argue the trial court erred in entering judgment on the pleadings in favor of the decedent's former spouse's sister by: (1) concluding our General Statutes require removing all references to the former spouse in the will; (2) failing to conclude the lapsed gift in one provision of the will resulted in the decedent's estate passing by intestacy; and (3) considering matters outside the pleadings. After careful review, we reverse the judgment of the trial court.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Frank Nino Magestro ("Mr. Magestro") died in New Hanover County on 2 May 2018. Mr. Magestro was married to Carol Magestro ("Carol")—the sister of Defendant-Appellee Peggy L. Johnson ("Ms. Johnson") and daughter of Elizabeth W. Chamblee ("Ms. Chamblee")—from 1982 until they divorced in 2016. They had no children.

In March 1983, after celebrating his first wedding anniversary, Mr. Magestro executed his last will and testament (the "1983 Will"). The 1983 Will provides in relevant part:

> ITEM TWO: I devise and bequeath unto my wife, Carol L. Magestro, all of my property of every sort, kind, and description, both real and personal, absolutely and in fee simple.

ITEM THREE: In the event my wife, Carol L. Magestro, be not living at the time of my death, I will, devise, and bequeath all of my property of every sort, kind, and description, both real and personal, unto the children of my marriage with Carol L. Magestro, whether or not born of adopted after the execution of this will, absolutely and in fee simple, to be equally divided between them, share and share alike. In the event either of my said children shall predecease me, then and in that event such child's share shall go to his or her children.

ITEM FOUR: In the event my wife, Carol L. Magestro, should predecease me and in the event there are no children born or adopted of my marriage with Carol L. Magestro, then and in that event, I direct that my estate be divided into two equal shares to be distributed as follows:

One (1) share to my mother-in-law, Elizabeth W. Chamblee, or her descendants per stirpes;

One (1) share to my mother and father, Irene and Andrew Magestro, or the survivor of them; in the event they both predecease me, then to their descendants per stirpes.

Mr. Magestro's parents, Irene and Andrew Magestro, predeceased Mr. Magestro. Ms. Chamblee, Mr. Magestro's former mother-in-law, also predeceased Mr. Magestro, leaving her two daughters, Carol and Ms. Johnson.

When he died in 2018, Mr. Magestro was survived by Carol and by his siblings Andrea Parks, Justin Magestro, Dion Magestro, and Leah Magestro (collectively, "the Magestros"). The Magestros are Mr. Magestro's intestate heirs at law—entitled to inherit from him in the absence of any will. *See* N.C. Gen. Stat. §§ 29-13, 29-15, and 29-16 (2021).

¶ 7        Shortly after his death, the 1983 Will was admitted to probate in New Hanover County.  Leah Magestro was appointed administrator of the estate.  In November 2019, after learning that Ms. Johnson claimed an interest in the estate, the Magestros filed a declaratory judgment action to interpret the 1983 Will.  Ms. Johnson counterclaimed one month later.  All parties moved for judgment on the pleadings.

¶ 8        The Magestros argued to the trial court that the 1983 Will's direct devise to Carol in ITEM TWO must be revoked pursuant to N.C. Gen. Stat. § 31-5.4 (2021), which removes all provisions in a will in favor of a former spouse upon divorce.  Then, because Carol had not predeceased Mr. Magestro and because they had no children, ITEMS THREE and FOUR of the 1983 Will were inoperative pursuant to N.C. Gen. Stat. § 31-42(b) (2021), which provides an estate shall pass to intestate heirs where there is no effective residuary clause.  Application of those statutes would result in the residuary passing by intestacy to the Magestros at the exclusion of Ms. Johnson.

¶ 9        Ms. Johnson offered a different interpretation of Section 31-5.4, asserting that the trial court should avoid any intestate distribution under the 1983 Will by removing all provisions which benefit Carol—the direct devise to Carol and the residuary's condition precedent that she predecease Mr. Magestro.  With these provisions revoked, the residuary operates and both Ms. Johnson and the Magestros would take one-half of Mr. Magestro's estate.

¶ 10        The trial court heard the parties' cross motions for judgment on the pleadings

and entered an order on 14 July 2020 in favor of Ms. Johnson. The trial court's order

concluded in relevant part:

> [Section 31-5.4] removes any reference of Carol L.
> Magestro under the Will, including revoking the bequest to
> Carol L. Magestro set out in ITEM TWO of the Will,
> revoking the appointment of Carol L. Magestro as
> executrix as set out in ITEM FIVE of the Will, and
> removing any condition precedent that appears in ITEM
> THREE and FOUR of the Will that Carol L. Magestro
> predecease Frank Nino Magestro in order that ITEM
> THREE and/or ITEM FOUR become operable.

By removing the condition precedent, the trial court determined one-half of the

residuary of the estate would pass to Ms. Johnson, as the issue of the predeceased

Ms. Chamblee, and one-half would pass to the Magestros, as issues of Mr. Magestro's

predeceased parents, Irene and Andrew Magestro. The Magestros timely appealed.

## II.    ANALYSIS

### A. *The Trial Court Erred in Excising All References to Mr. Magestro's Former Spouse in the 1983 Will*

¶ 11        No party disputes that the distribution scheme under ITEM TWO in the 1983

Will is revoked pursuant to Section 31-5.4 because it was "in favor" of Mr. Magestro's

former spouse, Carol. However, the Magestros assert that by removing *all* provisions

in the 1983 Will referencing Carol, the trial court revoked provisions beyond the

statute's scope and undermined Mr. Magestro's intent. We agree.

¶ 12        We review a trial court's order of a motion for judgment on the pleadings *de

novo*. *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008).

Judgment on the pleadings is only appropriate "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Groves v. Cmty. Hous. Corp. of Haywood Cnty.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (quotation marks and citations omitted). Under *de novo* review, we consider the matter anew and substitute our judgment for that of the trial court. *In re Estate of Pope*, 192 N.C. App. 321, 331, 666 S.E.2d 140, 148 (2008).

¶ 13 In will interpretation, "the intention of the testator is the polar star which is to guide," *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E.2d 465, 468 (1960), so we must give effect to the intention of the testator, *Misenheimer v. Misenheimer*, 312 N.C. 692, 696, 325 S.E.2d 195, 197 (1985).

¶ 14 This matter is governed not only by common law, but also by statute directly addressing the inheritance rights of former spouses. Section 31-5.4 provides in pertinent part:

> Dissolution of marriage by absolute divorce or annulment after making a will does not revoke the will of any testator but, unless otherwise specifically provided in the will, it revokes all provisions in the will *in favor of* the testator's former spouse or purported former spouse . . . .

§ 31-5.4 (emphasis added). Section 31-5.4 plainly provides that divorce revokes only those provisions in a will which are "in favor" of a former spouse. We cannot interpret the statute to nullify all provisions in a will which simply refer to a former spouse. *See Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136

(1990) ("Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning."); *Gibboney v. Wachovia Bank, N.A.*, 174 N.C. App. 834, 837, 622 S.E.2d 162, 165 (2005) ("[Section 31-5.4] . . . clearly mandates that unless the testator expressly indicates in his will that even if he divorces his spouse she would remain a beneficiary, the former spouse is denied any testate disposition.").

¶ 15        Consistent with the plain language of this statute and our objective to give effect to the testator's intent, *Misenheimer*, 312 N.C. at 696, 325 S.E.2d at 197, we hold the trial court erred by excising *all* provisions in the 1983 Will which reference Carol and not solely the provisions that favor her.

¶ 16        Contrary to Ms. Johnson's assertion, the provision in ITEM FOUR of the 1983 Will, "[i]n the event my wife, Carol L. Magestro, be not living at the time of my death," is a condition precedent that cannot be interpreted to favor Carol, because the residuary is operative only if Carol has died.  Necessarily, she would not be alive to benefit from the estate passing to her relatives.

¶ 17        Citing contractual legal principles, Ms. Johnson also argues the trial court appropriately excised the condition precedent from the 1983 Will because condition precedents are "disfavored in the law."  But we construe a provision as a condition precedent "where the clear and plain language of the agreement dictates such

construction." *See Handy Sanitary Dist. v. Badin Shores Resort Owners Ass'n, Inc.*, 225 N.C. App. 296, 303, 737 S.E.2d 795, 801 (2013) (citation omitted).

### *B. The Unfulfilled Condition Precedent Means the Residuary Devise Fails*

¶ 18    Because Carol survived Mr. Magestro, the condition precedent went unfulfilled and the residuary devise under ITEM FOUR fails.

¶ 19    Our General Statutes provide:

> *Unless the will indicates a contrary intent* . . . if a devise otherwise fails, the property shall pass to the residuary devisee or devisees in proportion to their share of the residue. . . . *If there are no residuary devisees, then the property shall pass by intestacy*.

§ 31-42(b) (emphasis added).

¶ 20    There is a general presumption that "one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property." *Wing v. Wachovia Bank & Trust Co., N.A.*, 301 N.C. 456, 463, 272 S.E. 2d 90, 95 (1980). We will "construe a residuary clause so as to prevent an intestacy as regards any part of the testator's estate, *unless there is an apparent intention to the contrary*." *Faison v. Middleton*, 171 N.C. 170, 172, 88 S.E. 141, 142 (1916) (emphasis added). In particular, our Supreme Court has held intestate distribution is appropriate where a residuary clause is expressly subject to an unfulfilled condition. *See, e.g., McKinney v. Mosteller*, 321 N.C. 730, 734, 365 S.E.2d 612, 614-15 (1988); *Betts v. Parrish*, 312 N.C. 47, 57, 320 S.E.2d 662, 668 (1984). Further, "[i]n the absence of a manifest intention to the

contrary, a will is to be construed in favor of beneficiaries appearing to be the natural or special objects of the testator's bounty." *Coffield v. Peele*, 246 N.C. 661, 666, 100 S.E.2d 45, 48-49 (1957) (citing *Mangum v. Durham Loan & Trust Co.,* 195 N.C. 469, 142 S.E. 711 (1928)).

¶ 21 Ms. Johnson argues Subsection 31-42(b) is inapplicable because the trial court correctly concluded Carol's death was not a condition precedent. If Carol's death was not a condition precedent, Ms. Johnson contends, the residuary estate does not lapse and the devisees under ITEM FOUR, namely Ms. Johnson and the Magestros, inherit the residuary.

¶ 22 Ms. Johnson cites our decision in *McKinney v. Mosteller*, 85 N.C. App. 429, 355 S.E.2d 164 (1987), *rev'd*, 321 N.C. 730, 365 S.E.2d 612 (1988), for the general proposition that there is a presumption against intestate distribution when a decedent has written a residuary clause into his or her will. But the Supreme Court rejected this Court's analysis on that very issue where a condition precedent caused a lapsed devise, holding the "condition precedent in [the will] demonstrates a contrary intention and *militates against* such a presumption when the condition precedent has not been met." *McKinney*, 321 N.C. at 733, 365 S.E.2d at 614 (emphasis added). Our Supreme Court further concluded:

> [T]he intent of the testator is manifest and unequivocal,
> that is, the residue is to pass to the named beneficiaries
> under the residuary clause of the will only if testator's wife

survives him. She did not. Therefore, the residue passes to the heirs at law in accordance with the laws of intestacy as enacted by the legislature.

*Id.* at 734, 365 S.E.2d at 614-15.

¶ 23 The 1983 Will provides a residuary should Carol predecease Mr. Magestro (and should he also have no children):

> One (1) share to my mother-in-law, Elizabeth W. Chamblee, or her descendants per stirpes;
>
> One (1) share to my mother and father, Irene and Andrew Magestro, or the survivor of them; in the event they both predecease me, then to their descendants per stirpes.

Ms. Johnson and Mr. Magestro's siblings are the living devisees under the residuary clause. When the trial court removed the condition precedent in ITEM FOUR, the residuary devise became effective, leaving Ms. Johnson with one-half of the residuary estate and Mr. Magestro's siblings to divide the remaining half of the residuary. However, as explained above, removing the condition precedent of Carol predeceasing Mr. Magestro violates our statutes and undermines Mr. Magestro's intent.

¶ 24 Here, Mr. Magestro "manifest[ly] and unequivocal[ly]" expressed an intention contrary to distribution under the residuary clause by including a definite condition precedent in the 1983 Will—that Carol predecease him. *See McKinney*, 321 N.C. at 734, 365 S.E.2d at 614-15. As written, Mr. Magestro only intended the residuary devise to operate if Carol did, in fact, predecease him. She did not, and the condition went unfulfilled.

Because the gift in equal shares to Mr. Magestro's "mother-in-law, Elizabeth W. Chamblee, or her descendants per stirpes" and "my mother and father, Irene and Andrew Magestro . . . or . . . their descendants per stirpes" fails, and no other residuary clause exists, Mr. Magestro's estate passes by intestacy to his siblings. *See* § 31-42(b) (providing that when a devise fails and "there are no residuary devisees, then the property shall pass by intestacy"). *Cf. Betts*, 312 N.C. at 57, 320 S.E.2d at 668; *Coffield*, 246 N.C. at 666, 100 S.E.2d at 48-49.

Ms. Johnson contends our reversal of the trial court "would invalidate thousands of North Carolina wills wherein a former spouse is still living" and disinherit countless children of divorced couples. This argument is refuted by our state intestacy statutes. A divorced couple's children are neither divested as intestate heirs nor do they share the estate with another class of relatives; they inherit the "entire net estate or share" alongside any other children of the decedent. *See* §§ 29-13, 29-15, and 29-16.

The Magestros further argue the trial court erred by considering factual allegations beyond the pleadings in rendering its decision. In light of our holding that the trial court erred in entering judgment on the pleadings in favor of Ms. Johnson, we need not address this issue.

### III.  CONCLUSION

Based on the reasons set forth, we reverse the trial court's judgment.

REVERSED.

Chief Judge STROUD and Judge CARPENTER concur.